## DUNN *v.* THE PEOPLE.

1. In an indictment for making or passing a forged check, the act of making or passing the check with knowledge of its fictitious character, together with the *intent* to defraud, are the essential elements of the crime. When these concur, the crime is complete.

2. A forged check was passed in consideration of illicit intercourse, and cigars and liquors sold without license at a house of prostitution; that the law was violated in selling liquors and cigars without license in nowise affected or modified the criminal character of the act.

*Error to District Court of Arapahoe County.*

THE facts are sufficiently stated in the opinion.

Mr. W. W. COOK and Mr. DANIEL SAYER, for plaintiff in error.

Mr. A. J. SAMPSON, attorney-general, for defendant in error.

ELBERT, J.　The plaintiff in error was tried and convicted upon two counts of the indictment. The first charged him, in substance, with feloniously making a fictitious check, for the payment of money, with intent to defraud Sarah J. Duell; the second, with the felonious passing of a fictitious check to Sarah J. Duell, knowing the same to be fictitious, and with intent to defraud her. There is no dispute about the facts. The check was passed in consideration of illicit intercourse, and cigars and liquors, sold without license, at a house of prostitution. The only claim made in behalf of the plaintiff is that prostitution is prohibited by statute, that the sale of liquors and cigars without license is also prohibited by law; that the consideration for which the check was passed was in part immoral and in whole illegal; that no recovery could have been had in a civil action, by Sarah J. Duell; that the act of passing the fictitious check did not, and could not, therefore, result in defrauding the said Duell, and that, therefore, no conviction should have been had.

It is not essential to the offenses charged, that the party receiving the fictitious check shall be, in fact, defrauded. The criminality of the act does not depend on the *result* of the act, but the *intent*. The act of making or passing the check, with knowledge of its fictitious character, together with the *intent* to defraud, are the essential elements of the crimes charged. When these concur the crime is complete.

"If the statute forbids the putting off of a forged bank note, with intent to defraud the bank, and one with this intent puts off the note to an agent of the bank, employed, unknown to him, to detect offenders, and so not imposed upon, he commits the offense; because the law leaves it unimportant whether or not a fraud is effected, provided it is attempted, and the putting off is complete." 1 Bishop's Crim. Law, § 437.

This illustrates the case at bar.

Whether the intent to defraud could have existed, in so

far as prostitution constituted the consideration, we need not say. The liquors and cigars received were of the value of twenty dollars; they were property, under the law, and could constitute the subject-matter of lawful trade and barter. In so far as they constituted the consideration, there is no difficulty in saying that the intent to defraud could and did exist, notwithstanding Sarah J. Duell had no license to sell them. In this respect, then, all the essential elements of the offenses charged were proven. That Sarah J. Duell, concurrently, and in the same transaction, also violated the law, in selling the liquors and cigars without license, in nowise affects or modifies the criminal character of the acts of the plaintiff in error.

There is no other error assigned that demands our attention. The judgment of the court below is affirmed with costs.

*Affirmed.*