No. 18,609.

TIM TONZE DAVENPORT *v.* PEOPLE OF THE
STATE OF COLORADO.
(332 P. [2d] 485)

Decided December 1, 1958.

Mr. TIM TONZE DAVENPORT, pro se.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK
E. HICKEY, Deputy, Mr. JOHN W. PATTERSON, Assistant,
for defendant in error.

*En Banc.*

Mr. Justice Day delivered the opinion of the Court.

Plaintiff in error as defendant in the trial court was charged by information with the crime of forgery. Trial to a jury resulted in conviction. Motion for new trial was denied and defendant sentenced to a term in the penitentiary. From the judgment and sentence he seeks review by writ of error.

Two grounds are urged by defendant upon which he relies for reversal: 1. That it was error to allow the witness Sparn to testify to a similar offense committed the day following the offense charged in the information, and 2. that the evidence does not support the verdict.

Taking up the points in inverse order from that above stated, we find in the record evidence that the forged instrument forming the basis of the charge was a check drawn on the Palisades National Bank, dated September 11, 1957, payable to Tim Davenport and purportedly made by Arnold Kimminau. It was endorsed by Davenport and cashed by him at a teller's window in the United States Bank in Grand Junction on the same day as that appearing on the face of the instrument. A telephone number purporting to be that of the maker of the check was written thereon but was false. It is not disputed that defendant was the person who presented the check for cashing. Mr. Kimminau was called as a witness and testified that he had not signed the check and he had not authorized anyone else to sign for him. Evidence presented by the prosecution, in the nature of a statement purported to have been given by the defendant to one of the police officers, reveals that the check had actually been written by a man by the name of Willingham and that the defendant was present at the time of such writing. The check, after it was made out by Willingham, was handed to defendant, who endorsed it and cashed it. There was also evidence that the de-

fendant had a pad of counter checks of the Palisades National Bank in his pocket. The forged check was a counter check of the Palisades National Bank. On September 12, 1957, the day after the offense charged in the information, defendant tendered to the witness Sparn a check purportedly signed by Kimminau and payable to the defendant. Sparn refused to cash this check. Whereupon defendant returned to his room, tore up the check and flushed it down a toilet.

Defendant took the stand in his own defense and attempted to explain the transaction. He denied knowing the check was forged. Rebuttal evidence produced by the people, if believed, discredited defendant's explanation of the use of Kimminau's name on the check. In its most favorable light defendant's testimony conflicted with that of the witnesses for the people. The jury, as evidenced by its verdict, chose to disbelieve the explanation offered by the defendant. The evidence of the people was ample to support the verdict of guilty.

■ The jury is the trier of the facts and the judge of the credibility of the witnesses and of the weight to be given their testimony. *People v. Urso,* 129 Colo. 292, 269 P. (2d) 709; *Abeyta v. People,* 134 Colo. 441, 305 P. (2d) 1063; *Henwood v. People,* 54 Colo. 188, 129 Pac. 1010.

■ Defendant also contends that the evidence merely established that he endorsed the check and if a genuine endorsement there is no forgery. He misconstrues the statute, C.R.S. '53, 40-6-1. A reading thereof presents no ambiguity. While the crime may be committed by uttering the forgery — that is forging the name of the maker — it may also be committed by passing a forged or spurious instrument as true and genuine. *People v. McDonald,* 53 Colo. 265, 125 Pac. 114; *Wright v. People,* 116 Colo. 306, 181 P. (2d) 447.

■ On the point that error was committed in permitting the witness to testify to a transaction involving a check similarly drawn as that alleged in the informa-

tion, the jury was instructed that such evidence was admitted only for the purpose of showing scheme, plan or design. This court has consistently held that such evidence, if not remote in time and sufficiently connected with the crime charged, is admissible to indicate a modus operandi. *Torbert v. People,* 113 Colo. 294, 156 P. (2d) 128; *Perry v. People,* 116 Colo. 440, 181 P. (2d) 439; *Armijo v. People,* 134 Colo. 344, 304 P. (2d) 633.

The judgment is affirmed.