No. 19,905.

JOSE A. GONZALES *v.* THE PEOPLE OF THE STATE OF COLORADO.

(369 P. [2d] 786)

Decided March 19, 1962.

Mr. RICHARD L. OTT, for plaintiff in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. J. F. BRAUER, Assistant, for defendant in error.

*In Department.*

Opinion by MR. CHIEF JUSTICE DAY.

WE will refer to the plaintiff in error as the defendant and to the People as such.

The defendant was convicted of passing a bogus check and sentenced to the State Penitentiary. The pertinent portions of the Information upon which he was charged and convicted are as follows:

"JOSE A. GONZALES, with intent to cheat and defraud another, namely, RED OWL STORES, INC., doing business as BUSLEY'S SUPERMARKET CO., and some other person or persons to the District Attorney unknown, did feloniously and wilfully make, pass, utter and publish a fictitious check purporting to be the bank check, draft and order for the payment of money of one, R. D. BOWLING, of the tenor, purpose and effect following: * * * when in truth and in fact, there was no such person in existence as *R. D. BOWLING authorized to sign checks for Mountain View Distributing Co.* as he, the said defendant, JOSE A. GONZALES, then and there well knew; and said JOSE A. GONZALES then and there knew that said bank check, draft and order for the payment of money was fictitious; contrary to the form of the statute in such case made and provided, and against the peace and dignity of the People of the State of Colorado." (Emphasis supplied.)

Defendant contends in this Court that he was entitled to a directed verdict of acquittal for the reason that the People failed to show the non-existence of the Mountain View Distributing Co. or the non-existence of R. D. Bowling. The evidence was that both existed, but that the company did not have an account at the bank on which the check was drawn.

There is no merit to defendant's contention. As was said in *Dunn v. People,* 4 Colo. 126: "* * * The act of making or passing the check, with knowledge of its fictitious character, together with the *intent* to defraud, are the essential elements of the crimes charged. When these concur the crime is complete."

The People established by clear and convincing evi-

dence that R. D. Bowling had no authority to sign checks for Mountain View Distributing Co. It is true that Bowling did exist and at the time of forging the check was a drinking companion of Gonzales and conceived the idea as a means of getting some money. That Bowling signed his own name is of no consequence. Officials of the Mountain View Distributing Co. testified *they had never heard* of R. D. Bowling; that he had no connection with or authority to act for the company. Gonzales in his statement to police admitted that he knew Bowling made out the check and knew that Bowling had no such authority. He knew at the time he passed it that it was fictitious. He intended by passing it off as genuine on the store in question to obtain cash and thus defraud the merchant. The evidence disclosed, and he admitted, that this was only one of a series of such bogus checks.

The crime here was the passing of the check and the fraud perpetrated thereby.

The judgment is affirmed.

MR. JUSTICE HALL and MR. JUSTICE PRINGLE concur.