No. 21323.

DONALD LEE NAHLER *v.* THE PEOPLE OF THE
STATE OF COLORADO.
(409 P.2d 508)

Decided January 10, 1966. Rehearing denied January 24, 1966.

JOHN KINTZELE, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, JAMES W. CREAMER, JR., Assistant, for defendant in error.

*In Department.*

Opinion by MR. CHIEF JUSTICE PRINGLE.

DONALD LEE NAHLER, plaintiff in error, was charged in the trial court with passing a fictitious check in violation of C.R.S. '53, 40-6-8, and was sentenced to the penitentiary. From that judgment he brings writ of error here. He will be referred to either by name or as defendant.

The information upon which Nahler was charged and convicted was filed on November 1, 1962 and reads in pertinent part as follows:

"On the tenth day of October A.D. 1962 at the City and County of Denver, and State of Colorado, DONALD LEE NAHLER with intent to cheat and defraud one

Eddie Penn and Lillian Penn, doing business as SU-Z-Q TAVERN, . . . did . . . make and publish a fictitious check purporting to be the bank check . . . for payment of money of one Frank E. Clapp, a person duly authorized to sign checks for . . . TERRAZZO AND PRE CAST . . . when in truth and in fact no such person existed as FRANK E. CLAPP, as DONALD LEE NAHLER then and there knew; and said DONALD LEE NAHLER then and there knew said bank check, draft and order for payment of money was fictitious . . ."

Defendant entered a plea of not guilty, waived his right to a jury trial and proceeded to trial to the court upon the merits.

The evidence established that on October 10, 1962, Nahler went into the Su-Z-Q Tavern then owned and operated by Eddie and Lillian Penn to cash a check in the sum of $123.19 which was made payable to himself. Eddie Penn gave Nahler cash in exchange for the check. When Penn presented the check for payment on the Englewood State Bank, the drawee bank, the check was dishonored.

The check in question was made payable to Nahler in the amount of $123.19, drawn on the account of Terrazzo and Pre-Cast, numbered 1993 and the name thereon as drawer was Frank E. Clapp. The check in question had been stolen from Terrazzo and Pre-Cast and was admitted into evidence in the trial court as People's Exhibit A. The day before the check was stolen Frank Clapp had been introduced to and talked with the defendant.

On October 10, 1962, Terrazzo and Pre-Cast, a partnership composed of Frank Clapp and his brother, had an account with Englewood State Bank, a then existing bank in Englewood, Colorado.

Frank Clapp was the only person who was authorized to sign checks for and on behalf of Terrazzo and Pre-Cast. The signature card for Terrazzo and Pre-Cast at the Englewood State Bank evidenced that the person

authorized to sign checks for the partnership at the bank was Frank S. Clapp. Clapp testified that he did not sign the check in question.

The defendant did not take the stand nor did he put on any evidence in his behalf.

The defendant offers four assignments of error for our consideration here: (1) the trial court erred in finding that Nahler signed the name of a non-existent person when he signed the name Frank E. Clapp. (2) The court erred in finding that the state proved that Nahler knew no such person as Frank E. Clapp existed at the time of the commission of the offense. (3) The People proved the defendant committed the offense of forgery and not the offense of uttering a fictitious check as alleged in the information. (4) The check was that of Terrazzo and Pre-Cast rather than that of Frank Clapp, and therefore there was a fatal variance between the information and the proof.

Defendant's first three assignments of error may be summarized as follows: The People failed to prove that Frank E. Clapp was a non-existent person, and that Nahler knew at the time he passed the check that Frank E. Clapp was a non-existent person.

 To constitute the crime defined by C.R.S. '53, 40-6-8 under the circumstances here, it was necessary for the state to prove that Nahler passed a check which he knew was fictitious because it purported to be the check of some bank, corporation, partnership or individual which was not in existence. The crime is committed if the defendant knows that any part of the check is fictitious.

 We have held in *Gonzales v. People,* 149 Colo. 548, 369 P.2d 786, that the act of making or passing a check with knowledge of its fictitious character, together with the intent to defraud, are the essential elements of the crime charged. In our view, there was evidence in the record from which the trial court could properly find that the state had sustained its burden of proof

that Frank E. Clapp was a fictitious person, that no such person had any connection with or authority to act for Terrazzo and Pre-Cast, and that this fact was known to Nahler when he passed the check. Clapp had been introduced to Nahler either by the name of Frank Clapp or Frank S. Clapp, but there is no evidence anywhere in the record to indicate that he was introduced as Frank E. Clapp.

Nahler admitted in his signed statement, which was introduced into evidence, that he knew there was no Frank E. Clapp and when asked why he signed the name of Frank E. Clapp to this check, stated, "I don't know — I just signed it."

We have said too often to require any listing of authorities here that we will not disturb on review the findings of fact by a trial court which are supported by the evidence.

Counsel's remaining contention that there was a variance between the information and the evidence is also without merit. There is no doubt that Frank E. Clapp was a fictitious person. Any material part of the instrument being fictitious is sufficient to sustain a conviction under the statute. The signature of the person authorized to sign for Terrazzo and Pre-Cast was certainly a material part of the check. The People alleged that Nahler had passed a fictitious instrument. Although the description of the instrument in the information was not a model of semantic clarity, it obviously dealt with a check of Terrazzo and Pre-Cast signed by a fictitious person, namely, one Frank E. Clapp. See *Petty v. People,* 156 Colo. 549, 400 P.2d 666. There was evidence to prove that there was no such person as Frank E. Clapp duly authorized to sign checks for and on behalf of Terrazzo and Pre-Cast. There was no variance between the information and the proof.

The judgment is affirmed.

Mr. Justice Sutton and Mr. Justice Frantz concur.