Mr. Chief Justice Sutton
delivered the opinion of the court.
The sole question on this writ of error is: whether a second trial of a defendant, which trial took place after two terms of court following the filing of the original information and trial had thereon, required the granting of a motion to dismiss the information under C.R.S. ’53, 39-7-12 and under Sections 6 and 16, Article II of the Colorado constitution?
The pertinent facts disclosed by the record are:
On November 6, 1963, during the September term of the Denver District Court, an information was filed which charged the defendant, James Franklin Ferguson, Jr., with armed robbery in violation of C.R.S. ’53, 40-5-1. Ferguson was arraigned on the charge and pled “not guilty” some nine days thereafter. Trial was set for February 10, 1964.
During the January term in 1964, upon the district attorney’s motion, the trial was continued to the April term and set for April 28, 1964. Following trial to a jury on that date, the defendant was found guilty of aggravated robbery. Thereafter, Ferguson moved for a new trial. The motion was argued and granted on May 11, 1964. The new trial was set for September 21, 1964.
On September 14, 1964, defense counsel moved to dismiss the information. Trial was had as scheduled on the 21st of September, during which defendant’s counsel argued the motion for dismissal which was denied. Ferguson was thereafter again found guilty of aggravated robbery by a jury.
*391 On October 2nd, the defendant again sought a new trial. After denying his motion, the court sentenced him to a term in the Colorado State Penitentiary of not less than 12 nor more than 18 years. He now seeks relief by way of writ of error.
C.R.S. ’53, 39-7-12, provides:
“Trial to be within two terms. — If any person shall be committed for any criminal or supposed criminal matter, and not admitted to bail, and shall not be tried on or before the expiration of the second term of the court having jurisdiction of the offense, the prisoner shall be set at liberty by the court, unless the delay shall have been on the application of the prisoner. * * * In computing the terms, the term of court at which the indictment is presented, or the information filed, shall not be included.”
Recently we held that C.R.S. 1963, 39-7-12, which has superseded C.R.S. ’53, 39-7-12, is not the controlling test in this type of case. The proper rule is Rule 48 (b), Colo. R. Crim. P., which permits trial within one year from the filing of the information. Casias v. People, 160 Colo. 152, 415 P.2d 344 (1966). Here the record shows that the defendant’s first trial was completed “before the expiration of the second term of the court” so he would be barred under either the statute or the rule. Defendant, however, would have us hold that in any event the statute also requires that when a new trial is thereafter granted, it cannot be set more than two terms beyond the term in which the original information was filed. For the reasons hereinabove stated, we do not agree.
 The ancillary and remaining issue raised by the defendant is whether the evidence showed that he was not accorded a speedy trial as required by the Colorado constitution. What constitutes a “speedy trial” depends upon the circumstances of each case. Casias, supra; Medina v. People, 154 Colo. 4, 387 P.2d 733 (1963). Suffice it to say that our reading of the record has *392 failed to indicate that this constitutional safeguard was not afforded the defendant.
The judgment is affirmed.
Mr. Justice Day not participating.