No. 21708.

Larry Rhodus *v*. The People of the State of Colorado.
(418 P.2d 42)

Decided August 29, 1966. Rehearing denied October 3, 1966.

Shoemaker & Wham, for plaintiff in error.

Duke W. Dunbar, Attorney General, Frank E. Hickey, Deputy, James W. Creamer, Jr., Assistant, for defendant in error.

*In Department.*

Per Curiam.

By information filed on November 8, 1963, in the trial court, plaintiff in error, Larry Rhodus also known as George Morgan, was charged under C.R.S. '53, 40-6-1, with making and publishing a fictitious check purporting to be a bank check of one Maxine Folsum, a person duly authorized to sign checks for and on behalf of Labor, Incorporated when in fact no such person existed as Maxine Folsum, so authorized, as Larry Rhodus knew and also that he knew that the check was fictitious.

The case was set for trial on August 5, 1964. On July 30, 1964, the court ordered Rhodus' transfer from the Colorado State Penitentiary, where he was then confined, to the Denver County Jail, so that he might have effective assistance of counsel in time to prepare for trial. On August 5, 1964, the court, having found that

he had not been transferred to Denver until the preceding day and that his counsel had not had sufficient time to assist in his defense, on its own motion, ordered the matter continued to August 12, 1964, at which time the trial was set for October 6, 1964.

The trial commenced October 7, 1964. Before trial Rhodus filed a motion to dismiss for failure to prosecute prior to the expiration of two terms of court next after the filing of the information as provided by C.R.S. 1963, 39-7-12. The motion was denied. The trial resulted in a jury verdict of guilty.

Rhodus' motion in arrest of judgment or for a new trial was denied. He was sentenced to serve 10 to 12 years in the penitentiary concurrently with a sentence he was already serving, and is here by writ of error.

Evidence presented at the trial indicated that Rhodus cashed a check on a form containing the printed name of Labor, Incorporated, above a signature line on which appeared the written signature "Maxine Folsum." It was dated October 23, 1963, drawn on the Central Bank and Trust Company, and returned by the bank marked "account closed." The account of Labor, Incorporated with the bank had been closed prior to this time and the check form used had been stolen. The only persons authorized to sign checks for Labor, Incorporated were Charles W. King and Maxine *Folsom*. Neither of these persons signed the check in question.

To show scheme or design, two other checks made on like forms in the same way and dated the same day were shown to have been cashed or attempted to be cashed by the defendant at different business establishments.

Rhodus testified in his own behalf. He admitted cashing the checks. He testified his real name is Sherman Miller, but that he has gone under the names of Larry Rhodus and George Morgan after convictions and release from the penitentiary because he had found it difficult to hold a job while using his real name.

The account he gave, apparently not accepted by the jury, was that he met a person who identified himself as "Joe Folsum" who told Rhodus that Folsum's sister, "Maxine Folsum," was in the construction business. "Joe Folsum" gave Rhodus the checks to pay for some painting which he said he had done, for an automobile trip to Cheyenne, and to repair the automobile which did not belong to him. Part of the money received from the checks was given to "Joe Folsum," who was not present at the trial and whose absence was in no way explained.

Rhodus alleges several grounds for reversal. We will deal with them in the following numerical order:

I.

■ Defendant contends he was entitled as a matter of law to have the proceedings against him dismissed for failure of the People to bring the matter to trial within two terms of court after the filing of the information, as required by C.R.S. 1963, 39-7-12. We hold that he was tried within one year from the filing of the information in compliance with Rule 48 (b), Colo. R. Crim. P. which is controlling, *Ferguson v. People,* 160 Colo. 389, 417 P.2d 768; *Casias v. People,* 160 Colo. 152, 415 P.2d 344.

■ Part of the delay in trial was due to the trial court's protection of this accused by finding that his counsel had not had sufficient time to confer with him to make proper preparations for trial which had been set for August 5, 1964. Under these circumstances it cannot be said that the trial was unreasonably delayed in contravention of Article II, Section 16, Colorado constitution. *Medina v. People,* 154 Colo. 4, 387 P.2d 733.

II.

Defendant maintains the court erred in failing to grant his motion for judgment of acquittal made at the close of the evidence because:

(a) The evidence failed to show the instrument in question was forged or fictitious, since there was no

evidence that it was passed as the instrument or act of a person other than the one who made it.

(b) The evidence failed to show defendant had any knowledge of the alleged forged and fictitious nature of the instrument in question or had any intent to defraud, and

(c) There was a fatal variance between the pleading and proof in that the information alleged the instrument was the check of one, Maxine Folsum, a person duly authorized to sign checks for and on behalf of Labor, Incorporated whereas the evidence showed that the instrument in question was a check of Labor, Incorporated.

■ Here the proof was that a person known as "Maxine Folsum" authorized to sign checks for Labor, Incorporated did not exist. In *Gonzales v. People,* 149 Colo. 548, 369 P.2d 786, we held that the evidence was sufficient to prove that the check was that of a fictitious person where the actual signer of the check and the firm upon whose account it was drawn did exist, but the person signing had no authority to sign for such account. We hold that there was evidence here from which the jury could find this check was fictitious.

■■ When it is established, as here, that a defendant has uttered a check which is otherwise proved to be fictitious, a warrantable inference can be drawn that he had both the guilty knowledge that the check was fictitious and the requisite intent to defraud. *People v. Roche,* 74 Cal. App. 556, 241 Pac. 279. The fact that Rhodus passed the check under an assumed name warranted an inference by the jury that he did so with the intent to defraud. See 49 A.L.R. 2d 866.

■ The allegation here was that Rhodus passed a check of "Maxine Folsum" a person duly authorized to sign checks for and on behalf of Labor, Incorporated. The fact that the evidence showed it was a purported check of Labor, Incorporated purportedly signed by "Maxine Folsum" does not create a fatal variance be-

tween the pleading and proof introduced. *Nahler v. People,* 159 Colo. 20, 409 P.2d 508.

## III.

■ Defendant also contends the court erred in (a) giving its instruction on circumstantial evidence because it assumes and substantially tells the jury that the crime charged has been committed, and it erroneously instructs the jury upon the law applicable where circumstantial evidence alone is relied upon for conviction; and (b) in refusing to give Rhodus' tendered instruction on the same subject.

The instruction on circumstantial evidence given is one which has been widely used. The words limit its application to the "crime charged." The fact that the final "d" of the word "charged" was omitted in the copy of instruction given to the jury is an omission which is plain to anyone reading the instruction and does not vitiate the limiting effect of the instruction. The fact that the instruction states, "In order to convict a defendant upon circumstantial evidence *alone,* . . ." gave Rhodus an instruction broader in scope than that to which he was entitled because the conviction here is not based on circumstantial evidence alone. He cannot complain of this.

The instruction on circumstantial evidence tendered by Rhodus was properly refused because it stated that the burden is on the People to prove that "Maxine Folsum" did not exist whereas the law is that the People must prove that such person, real or imaginary, was not authorized to sign checks on behalf of this purported maker. *Gonzales v. People, supra.*

Rhodus further complains that the court erred in failing to give his tendered instruction on the elements of the offense. In its Instructions No. 1, 5, and 8, the court told the jury with what Rhodus was charged, that the People had the burden of proving each and every material allegation beyond a reasonable doubt and what the material allegations of the crime of passing a ficti-

tious check are. No additional instruction on the elements of the offense was needed.

### IV.

 Finally, Rhodus contends the court erred in refusing to grant defendant's motion for a mistrial founded upon statements of the district attorney in his final argument to the effect that based upon the prosecutor's experience in a great number of cases, the activities of the defendant showed a plan, scheme or design to commit the crime alleged in the information. Though we do not favor this type of argument, we do not feel that the present instance requires reversal. The jury was fully instructed that closing arguments are not evidence. We assume they performed their duties and heeded the instructions given them.

The judgment is affirmed.

MR. JUSTICE DAY, MR. JUSTICE PRINGLE and MR. JUSTICE SCHAUER concur.