Opinion by
Mr. Chief Justice Moore.
On April 12, 1964, Joseph Alfred Anderson was accused of the crime of forgery as defined by C.R.S. 1963, 40-6-8. He was also charged with the crime of conspiracy to commit forgery. He entered a plea of not guilty and thereafter filed a motion to suppress certain evidence, namely, a book of blank checks which had been stolen from the Argonaut Garage, and a check protector. He asserted that these exhibits had been seized in an illegal search and seizure of the premises occupied by him. The trial court conducted an evidentiary hearing on this motion and found from the evidence that the search was made with the consent and approval of Anderson. A review of the record reveals that there was ample evidence to support this finding, and the trial court committed no error in receiving the exhibits in evidence.
The main thrust of the argument advanced by Anderson is that the evidence failed, as a matter of law, to establish an essential element of the particular kind of forgery with which he was charged. The assertion is that there was no evidence that the check involved in this case was a fictitious check purporting to be the check for the payment of money of some partnership or individual when in fact there was no such partnership or individual in existence.
The signature appearing on the alleged fictitious check was “A1 Payne.” The authorized signature on which withdrawals could be made from the account at the bank on which the check was drawn, was “Clarence A. Payne.” Under these circumstances the rule to *543 which reference is made in Gonzales v. The People, 149 Colo. 548, 369 P.2d 786; Nahler v. The People, 159 Colo. 20, 409 P.2d 508; and Rhodus v. The People, 160 Colo. 407, 418 P.2d 42, is applicable. In Rhodus v. The People, supra, this court said:
“* * * In Gonzales v. People, 149 Colo. 548, 369 P.2d 786, we held that the evidence was sufficient to prove that the check was that of a fictitious person where the actual signer of the check and the firm upon whose account it was drawn did exist, but the person signing had no authority to sign for such account. We hold that there was evidence here from which the jury could find this check was fictitious.
“When it is established, as here, that a defendant has uttered a check which is otherwise proved to be fictitious, a warrantable inference can be drawn that he had both the guilty knowledge that the check was fictitious and the requisite intent to defraud. People v. Roche, 74 Cal. App. 556, 241 P. 279. * * *”
The judgment is affirmed.
Mr. Justice Sutton, Mr. Justice Day and Mr. Justice Pringle concur.