Opinion by
Mr. Chief Justice Moore.
The above entitled cause is here on writ of error directed to a judgment of the district court of the City and County of Denver which denied the relief sought by Patton R. Anderson in habeas corpus proceedings. In the petition for issuance of the writ of habeas corpus filed by Anderson the prayer was as follows:
“WHEREFORE, petitioner respectfully prays that a Writ of habeas corpus issue under the seal of this Court, directed to the Respondents Wayne K. Patterson and Charles Meredith, commanding them to have the prisoner so restrained of his liberty, Patton R. Anderson, before this Court forthwith and then and there show cause if any there be why he is confined in the State Penitentiary.”
It appears from the record before us that Anderson had been adjudged not guilty by reason of insanity in the trial of an action in which he was accused of the crime of murder. He was, pursuant to the applicable statutes, confined in the Colorado State Hospital at Pueblo. Thereafter under executive order issued by the Governor he was transferred to the state penitentiary. At the time the petition for writ of habeas corpus was instituted he was being held by Wayne K. Patterson, Warden of the Colorado State Penitentiary. He questioned the validity of his transfer to the prison and the purpose of the writ of habeas corpus was to require his return to the hospital.
It was admitted on oral argument of the issues *97 presented by the record that during the pendency of this appellate proceeding Anderson had been returned to the hospital and is no longer in the custody of respondent Patterson. Subsequent to argument a written stipulation to that effect has been filed in this court. Accordingly the matter is moot and no good purpose would be served in the treatment of any issue involving the propriety of the order of transfer from the hospital to the penitentiary. All the relief sought by Anderson in his petition for writ of habeas corpus has been obtained by him.
There being no existing controversy between the parties the writ of error is dismissed.
Mr. Justice McWilliams, Mr. Justice Kelley and Mr. Justice Groves concur.