No. 22743.

Lino J. Mendez *v*. The People of the State of Colorado.
(442 P.2d 420)

Decided June 24, 1968.

Edward H. Sherman, Public Defender in and for the City and County of Denver, for plaintiff in error.

Duke W. Dunbar, Attorney General, Frank E. Hickey, Deputy, George E. DeRoos, Assistant, James F. Pamp, Assistant, for defendant in error.

*In Department.*

Opinion by MR. CHIEF JUSTICE MOORE.

PLAINTIFF in error will be referred to by name or as the defendant. He was convicted of the crime of forgery and was sentenced to a term of not less than four nor more than ten years in the state penitentiary.

As grounds for reversal it is argued that there was insufficient evidence offered by the People to prove the essential ingredients of the offense. It is said by counsel: "Accordingly, the ingredients of the offense require that a person shall:

"(a) Make, pass, utter or publish a fictitious check (we paraphrase the statute as it is applicable to the instant case);

"(b) That there be the intent to defraud;

"(c) That it be a fictitious check purporting to be the check for the payment of money of some bank, corporation, partnership or individual;

"(d) That in fact there shall be no such bank, corporation, partnership or individual in existence;

"(e) That the person know the check to be fictitious."

We have read the evidence admitted upon the trial. It abundantly established that the defendant committed the crime prohibited by C.R.S. 1963, 40-6-8. At the trial the defendant offered no defense.

Testimony introduced by the People was to the effect that Monarch Disposal Company maintained an account with the Jefferson County Bank upon which one William Steppe was authorized to draw checks. On January 31, 1964, a number of check forms were stolen from the Company. The defendant appeared in Hy's Bar in Denver with one of these stolen checks which had been made out in the amount of $107.11 payable to "Lino J. Mendez" and signed on behalf of Monarch Disposal Company by Lewerence T. Peterson. No such person was known to officers of the Company and no such signature was authorized to draw checks upon the company account. The defendant in the presence of Murray Sloven, an em-

ployee at Hy's Bar, endorsed his name "Lino J. Mendez" on the back of the check and received cash from Sloven in the amount of the check. The check was returned unpaid because no authorized signature appeared thereon.

There is no merit to the argument that the charge of passing a "fictitious check" as defined by the above cited statute was not established by the evidence. We need do no more than cite *Anderson v. People,* 161 Colo. 541, 423 P.2d 576; *Rhodus v. People,* 160 Colo. 407, 418 P.2d 42; *Nahler v. People,* 159 Colo. 20, 409 P.2d 508; *Gonzales v. People,* 149 Colo. 548, 369 P.2d 786.

■ Defendant complains that he was illegally arrested without a warrant, and argues that this should be a defense and that the court should have taken evidence and quashed the information pursuant to his motion in which he alleged that he was arrested in his home, without a warrant, by officers who entered without permission. In this jurisdiction the contrary is true. *Gottfried v. People,* 158 Colo. 510, 408 P.2d 431; *People v. Griffith,* 130 Colo. 475, 276 P.2d 559. *Frisbie v. Collins,* 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541, *rehearing denied,* 343 U.S. 937, 72 S.Ct. 768, 96 L.Ed. 1344. No error was committed upon the trial of the defendant.

The judgment is affirmed.

MR. JUSTICE MCWILLIAMS, MR. JUSTICE KELLEY and MR. JUSTICE GROVES concur.