No. 22707.

Roy W. Pollock *v.* the People of the State
of Colorado.
(443 P.2d 738)

Decided July 15, 1968.     Rehearing denied August 12, 1968.

EDWARD H. SHERMAN, Public Defender in and for the City and County of Denver, STEPHEN C. RENCH, Assistant, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, JAMES F. PAMP, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

PLAINTIFF in error Pollock was convicted of the crime of forgery. He advances two grounds in his argument for reversal of the judgment:

1. The evidence was insufficient to support the conviction.

2. The trial court erred in admitting an exhibit into evidence.

There is no merit to either contention.

The forged instrument forming the basis of the charge was a check drawn on the National City Bank of Denver dated June 19, 1965, payable to Roy W. Pollock and purportedly made by Irving Quinn. It was endorsed by Pollock and cashed by him at Cordova Groceries in Denver on the same day as that appearing on the face of the instrument, the defendant receiving groceries and

cash for the check. It is not disputed that Pollock was the person who presented the check for cashing.

Irving Quinn was called as a witness. He testified that he was owner of a business known as Quinn's Service, and that while he was out of town in June 1965, some checks had been stolen from his office. Quinn identified the check that defendant had passed at Cordova Groceries as one of those stolen from him. He further testified that the purported signature of the maker of the check, "Irving Quinn," was not his own, and that he had not authorized anyone to sign checks using his name. The evidence is undisputed that the check was forged.

■■ One of the ways that the crime of forgery may be committed is by uttering a forged instrument, *i.e.,* by offering a forged instrument to another with knowledge of the falsity of the writing and with intent to defraud. *Barker v. People,* 158 Colo. 381, 407 P.2d 34; *Davenport v. People,* 138 Colo. 291, 332 P.2d 485; *Wright v. People,* 116 Colo. 306, 181 P.2d 447. We stated in *Anderson v. People,* 161 Colo. 541, 423 P.2d 576. quoting from *Rhodus v. People,* 160 Colo. 407, 418 P.2d 42, as follows:

"When it is established, as here, that a defendant has uttered a check which is otherwise proved to be fictitious, a warrantable inference can be drawn that he has both the guilty knowledge that the check was fictitious and the requisite intent to defraud. * * * "

Pollock testified in his own defense and attempted to rebut the above inference by the following explanation: He was in the vicinity of 20th and Larimer streets in Denver around the middle of June 1965 with his pick-up truck looking for work. Two strangers approached him and asked him if he would work for them. He worked for these men for about three and a half days, picking up junk at a place in East Denver and delivering it to a junkyard on Santa Fe. He made about four or five trips a day and was paid at the end of his work by the check which he cashed the same day at

Cordova Groceries. He denied having any knowledge that the check was not true and genuine.

▇ The jury, however, as evidenced by its verdict, chose to disbelieve the explanation offered by Pollock, inferring the requisite knowledge and intent to defraud from all the circumstances. See *Avila v. People,* 163 Colo. 525, 431 P.2d 782; *Barker v. People, supra.* Pollock did not know the men and had never seen them before. He could not explain how the strangers knew he had a truck. Although he allegedly worked for the casual employers for three and a half days, and contended he made four or five trips each day between East Denver and a junkyard on Santa Fe, he could not recall the address where he picked up the junk in East Denver or where on Santa Fe the junkyard was located. He was unable to recall the names of the two men with whom he worked, stating that he had never been introduced to them formally. This hazy recollection could raise questions in the minds of the jury as to the credibility of Pollock's testimony. Pollock's testimony also was contradicted in material part by a police detective who testified that Pollock told a different story when he was first interrogated regarding the check.

▇ Concerning the exhibit which Pollock contends was erroneously admitted into evidence over objection — it was a check cashed by Pollock on June 13, 1965, at another grocery store located at 1201 Cherokee Street in Denver; Irving Quinn also was the purported maker of that check; and Quinn also denied that the signature on this check was his or that he had authorized anyone to sign his name.

Pollock's explanation of the second check was that he saw the same "two guys again" and hauled junk to and from the same places in East Denver and on Santa Fe for another four days for them. However, the record is that this check was cashed before the one on which Pollock was charged.

The trial court properly instructed the jury that evi-

dence relating to a transaction other than that charged in the information was admissible " * * * only as bearing upon the question of whether or not the defendant had a plan or design to produce a result of which the act charged in the information was a part * * *." The trial court did not err in admitting the exhibit as evidence of scheme, design, and motive. See *Clews v. People,* 151 Colo. 219, 377 P.2d 125; *Perry v. People,* 116 Colo. 440, 181 P.2d 439.

The judgment is affirmed.