No. 22783.

GLEN LYLE CAMERON *v.* THE PEOPLE OF THE STATE OF COLORADO.

(462 P.2d 606)

Decided December 29, 1969.

LAURA FRANCES RILEY, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, JOHN P. MOORE, Deputy, for defendant in error.

*In Department.*

Opinion by Mr. Justice Day.

This a writ of error relating to the conviction of defendant Glen Lyle Cameron of forgery and conspiracy.

The attorney general has confessed error in this proceeding.

■ The cases cited by the attorney general teach that when an instrument has been passed by the defendant and the defendant knows the instrument to be false when passed, a presumption arises that the instrument was passed with intent to defraud, particularly when it is also established that the defendant participated in the proceeds of the passing. *Nahler v. People,* 159 Colo. 20, 409 P.2d 508; *Barker v. People,* 158 Colo. 381, 407 P.2d 34; *Gonzales v. People,* 149 Colo. 548, 369 P.2d 786; *Davenport v. People,* 138 Colo. 291, 332 P.2d 485.

■ Thus proof of guilty knowledge is an essential element to warrant conviction. In all of the cited cases there is evidence, either direct or circumstantial, that the defendant knew or must have known that the instrument was false. But in the case at bar, it is admitted that there is no such evidence. Indeed, the evidence is to the contrary; and there is no basis—such as is available in the preceding cases—to infer from the circumstances that the defendant must have known the falsity of the instrument in question. Thus, similar to *Owen v. People,* 118 Colo. 415, 195 P.2d 953, we have a situation in which guilty knowledge has not been established; therefore, there is no evidence of the specific intent to defraud.

■ The People's case was based on the attorney general's concern about a quote in *Anderson v. People,* 161 Colo. 541, 423 P.2d 576, taken from the case of *Rhodus v. People,* 160 Colo. 407, 418 P.2d 42, which appeared to announce a principle that where a defendant has uttered a check which is otherwise proved to be fictitious an inference can be drawn that he had both the guilty

knowledge and the requisite intent to defraud. We did not so hold as that would constitute an inference upon an inference. The attorney general agrees that three subsequent cases, *Pollock v. People,* 166 Colo. 340, 443 P.2d 738, *Mendez v. People,* 166 Colo. 196, 442 P.2d 420, and *Anderson v. Patterson,* 166 Colo. 95, 441 P.2d 676, make clear the requirement of proof of guilty knowledge from attendant circumstances other than the mere showing that the instrument was fictitious.

For this reason, the essential element being absent in this case, the judgment is reversed and the cause remanded with directions to discharge the defendant.

MR. JUSTICE PRINGLE, MR. JUSTICE KELLEY AND MR. JUSTICE LEE concur.