No. 25782

**The People of the State of Colorado v. Albert Ray Pool**
(522 P.2d 102)

Decided May 20, 1974.

John P. Moore, Attorney General, John E. Bush, Deputy, David A. Sorenson, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Thomas M. Van Cleave III, Deputy, for defendant-appellant.

MR. JUSTICE GROVES delivered the opinion of the Court.

The defendant was convicted of theft and forgery in the district court.

The facts of the case are not in dispute. While the defendant was staying at one Stearns' residence he took a $200 money order which, according to defendant, he had found lying on the living room floor. The money order was blank as to date and as to the payee. His stated intention was to return the order to Mr. Stearns at his place of business. However, after stopping at a bar for a few drinks, the defendant decided to cash the order. He filled in the date and his own name as payee, endorsed the order, and cashed it at a local bank. The defendant subsequently departed for Idaho where he claims to have informed the Stearns of the entire situation by letter.

I.

The defendant argues that there was insufficient evidence to sustain the forgery conviction.

C.R.S. 1963, 40-6-1 makes it illegal to "falsely make, alter, any . . . order . . . or . . . utter, publish, or pass as true and genuine . . . any of the above . . . knowing the same to be false, altered . . . with intent to . . . damage or defraud any person." Under the statute there are essentially two elements to the crime of forgery: (1) a false making or alteration of an instrument or a publishing or passing of a false instrument; and (2) the intent to defraud.

Concerning the first element, the defendant filled in his own name as payee and endorsed the money order without authority. We hold that this constituted an alteration within the meaning of the statute. Furthermore, when the defendant cashed the altered instrument, he knowingly passed it as being true and genuine when in fact it was not. Thus both alternatives of the first element of forgery have been satisfied in this case.

The second element of forgery, the intent to defraud, was satisfied by the uncontroverted testimony that the defendant took the money order, cashed it without authority, and departed from the state of Colorado.

Although our research has uncovered no Colorado decisional law precisely on point, our decision is supported by *People v. Kubanek,* 370 Ill. 646, 19 N.E.2d 573 (1939). *See* also *People v. Mau,* 377 Ill. 199, 36 N.E.2d 235 (1941); *In re Clemons v. Alvis,* 168 Ohio St. 83, 151 N.E.2d 553 (1958). In *Kubanek* the defendant had filled in his name as payee on a check and endorsed it without authority. Under a forgery statute identical in material part to ours, the defendant's forgery conviction was upheld.

II.

The intent to permanently deprive another of the use and benefit of his property is a material element of the crime of theft. *People v. Butcher,* 180 Colo. 430, 506 P.2d 362 (1973). The defendant argues that the trial court erred in submitting Instruction No. 2 to the jury in that this instruction, which set forth the material allegations of the charge against the defendant, failed to inform the jury of this intent element.

■ The People concede that Instruction No. 2 failed to advise the jury of the intent element. However, the following instruction, Instruction No. 7, did properly inform the jury as to this element:

"The specific intent to obtain or exert unauthorized control over a thing of value of another and deprive another permanently of the use or benefit of the thing of value is necessary for the crime of theft. Intent to obtain or exert unauthorized control and intent to permanently deprive are essential elements to the crime of theft and both of these elements must be established with the same certainty as any other element of the crime."

Under the principle that the instructions in a case must be considered as a whole, the jury was properly informed as to the intent element. *People v. Lovato,* 181 Colo. 99, 507 P.2d 860 (1973).

### III.

■ During the course of the trial an *in camera* hearing was held to determine the admissibility of a statement obtained from the defendant by a district attorney's investigator. At the hearing it was established that the defendant was advised of his rights under *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and that the defendant signed a written waiver of these rights. The defendant now contends that the waiver of his *Miranda* rights was involuntary because it was induced by a discussion concerning a possibility of a reduction or dismissal of the charges. Both the defendant and the investigator testified that the defendant had initiated the inquiry concerning the possibility of getting the charges either reduced or dropped. Also, they both testified that the investigator had advised the defendant that any decision on the matter would have to come from the district attorney. The trial court then found that the defendant's statement was voluntarily given and admitted it into evidence. The People sustained the burden placed upon them by *Miranda, supra.*

■ The defendant also contends that it was reversible error to admit his statement in evidence because his attorney

had not been notified that the questioning was going to take place. This objection was not raised at trial and we do not consider it as "plain error" for two reasons: (1) The record does not show clearly that the interrogator knew that the defendant had an attorney; and (2) the defendant took the stand and repeated what he had admitted in his prior statement.

Judgment affirmed.

MR. CHIEF JUSTICE PRINGLE does not participate.