## No. 27279

### The People of the State of Colorado v. Stanley Brown

(562 P.2d 754)

Decided April 18, 1977.

Nolan L. Brown, District Attorney, Joseph Mackey, Deputy, for plaintiff-appellant.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Michael L. Bender, Deputy, for defendant-appellee.

*In Department.*

MR. JUSTICE CARRIGAN delivered the opinion of the Court.

Following a preliminary hearing, the trial court dismissed second degree forgery[1] and criminal impersonation[2] counts which had been filed against the defendant. The People appeal. We reverse.

Thirteen numbered five-dollar gift certificates were stolen from a Colorado Springs Safeway store during a robbery. The next day, the defendant allegedly used the same thirteen five-dollar gift certificates at a Jefferson County Safeway store to purchase merchandise and groceries.

The gift certificates had blank spaces labeled "For" and "From" which had not been filled in. The Jefferson County store required the defendant to sign his name in the manager's presence on the line following the word "For" on each certificate. The defendant signed a fictitious name

---

[1] Section 18-5-103, C.R.S. 1973.
[2] Section 18-5-113, C.R.S. 1973.

to each certificate. The day following the purchases, the defendant was arrested. He admitted passing the gift certificates but denied involvement in the robbery.

## I. *Second Degree Forgery*

■ "A person commits second degree forgery, if, with intent to defraud, he falsely makes, completes, alters, or utters a written instrument which . . . affect[s] a legal right . . . ." Section 18-5-103(1)(a),[3] C.R.S. 1973.

■ The defendant's intent to defraud is amply evidenced by his use of a fictitious name on the gift certificates. Where a defendant has passed an instrument he knows to be false, the factfinder may infer an intent to defraud, particularly if the defendant enjoyed the proceeds of the passing. *See Cameron v. People*, 170 Colo. 504, 505, 462 P.2d 606, 607 (1969) (no showing defendant knew of the falsity), and the cases there cited.

The defendant argues, however, that he did not *falsely* make, complete, alter, or utter the gift certificates. He claims that, since the certificates were valid without his signature, his use of the false signature did not supply the requirement that the act be done "falsely."

■ This court has held, however, that where a defendant finds a valid money order with the payee space left blank, then fills in his own name and cashes it, his action constitutes "alteration" of the instrument for purposes of the forgery statute. *People v. Pool*, 185 Colo. 131, 522 P.2d 102 (1974) (upheld forgery conviction pursuant to C.R.S. 1963, 40-6-1). The present case is analytically very similar to the *Pool* case. Here the defendant claims that insertion of a name was not essential to the validity of the certificates. From this he concludes that one who thus inserts a false name does not "make, complete, alter or utter" the certificate. In *Pool*, insertion of the name in the payee blank was nonessential.[4] Yet, this court held that the insertion constituted an alteration. Similarly, the defendant's act of inserting a fictitious name in the "For" blank constituted an alteration. Where any material portion of the instrument, including a name or signature, is fictitious, a forgery conviction may by sustained. *Nahler v. People*, 159 Colo. 20, 409 P.2d 508 (1966). *Cf. United States v. Tasher*, 453 F.2d 244 (19th Cir. 1972) (initials on money order). Here the alteration was material because without the fictitious name inserted, the store would not have accepted the certificates.

---

[3] The parties have not raised or argued the applicability of section 18-5-103(1)(d) to this case. Whether gift certificates are covered by the term "other instruments" under subsection (1)(a) or by the term "certificates" under subsection (1)(d), or both, the elements of the second degree forgery are the same.

[4] A money order otherwise meeting the requirements of negotiability is valid with the payee space left blank, since bearer paper is negotiable. Section 4-3-104(1), C.R.S. 1973.

The final element of second degree forgery is likewise present, since the falsified instrument affects a legal right. Safeway was obligated to deliver property of retail value equivalent to the face value of the gift certificates. Certificates for the delivery of property are instruments susceptible to forgery. *Carney v. United States*, 163 F.2d 784 (9th Cir. 1947), *cert. denied*, 332 U.S. 824, 68 S.Ct. 165, 92 L.Ed. 400 (1947) (gas rationing coupons).

A prima facie case of second degree forgery was shown, and the trial court erred in dismissing that count.

## II. *Criminal Impersonation*

The statute, insofar as applicable, defines criminal impersonation as assuming a false or fictitious identity or capacity, and in that identity or capacity, doing any act with intent to unlawfully gain a benefit or injure or defraud another. Section 18-5-113, C.R.S. 1973.

The defendant admits the first element, *i.e.*, that he assumed a false identity when redeeming the gift certificates. He claims, however, that there was no prima facie showing of the second element.

The second element of criminal impersonation is an act with intent unlawfully to gain a benefit or to defraud another. The act requirement is met by the defendant's passing the gift certificates in exchange for property. The certificates passed were falsified when a false name was written to facilitate the passing. The defendant knew the certificates, as signed, were false. From this, intent to defraud may be inferred. *See Cameron v. People, supra.* Further, writing the false name demonstrates that the defendant knew he was not entitled to exchange the certificates for merchandise.

We conclude that the evidence adequately proved a prima facie case of criminal impersonation. The trial court should not have dismissed the criminal impersonation count.

The judgment of the trial court is reversed, and the cause is remanded for further proceedings on both counts.

MR. JUSTICE KELLEY, MR. JUSTICE GROVES and MR. JUSTICE LEE concur.