The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Prentice Joe RELIFORD, Defendant-Appellant.

No. 78–1163.

Colorado Court of Appeals, Div. I.

July 16, 1981.

Rehearing Denied Aug. 27, 1981.

Certiorari Denied March 1, 1982.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Robert C. Lehnert, Asst. Atty. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, Robert A. Breindel, Deputy State Public Defender, Denver, for defendant-appellant.

SMITH, Judge.

Defendant was convicted in a trial to the court of one count of second degree forgery in violation of § 18–5–103, C.R.S.1973 (1978 Repl. Vol. 8). On his appeal, we affirm.

The subject matter of the forgery was an application for a term life insurance policy insuring the life of Diane Reliford. The defendant was designated as the primary beneficiary, and the two sons of the defendant were named as contingent beneficiaries. The application was filled out by the defendant in the insurance agent's presence on October 12, 1977. In completing the form, the agent requested that defendant obtain the signature of Diane, whereupon the defendant left the room and signed Diane's name to the insurance application.

In addition to representing to the agent that Diane had signed the application, the defendant also asserted that he and Diane were separated, when in fact they were divorced.

At trial, the defendant testified that although he did sign Diane's name in order to obtain the insurance policy, he had the implied authority to do so by virtue of an established family practice. This testimony was rebutted by Diane Reliford who stated that the defendant did not have permission to sign her name, and furthermore, that she had previously told him that she did not want him to take out a life insurance policy on her.

On these facts, the trial court found that the defendant represented to the agent that his ex-wife had signed the application, when in fact it was he who had signed her name; that the defendant did not have Diane Reliford's authority to enter into the insurance transaction; that the defendant did all that was required on his part to cause the application to have apparent legal effect; and that the life insurance application so completed was calculated to become a contract or instrument which would create or affect a legal right, interest, obligation, or status.

## I.

Defendant first contends that the evidence presented was insufficient to sustain the conviction for second degree forgery. We reject this contention.

Where the trial court is the trier of fact, its decision will not be set aside when adequately supported by the evidence, even though a portion of that evidence may be in conflict. *Stewart v. People*, 175 Colo. 304, 487 P.2d 371 (1971). The evidence presented here was sufficient to sustain the trial court's factual determinations.

## II.

Defendant next contends that an application for life insurance is not a written instrument subject to forgery under § 18–5–103, C.R.S.1973 (1978 Repl. Vol. 8), and

that, even if a life insurance application does fall within the ambit of the statute, his application was null and void at its inception and therefore cannot be the subject of a forgery under the statute. We disagree.

Section 18–5–103(1), C.R.S.1973 (1978 Repl. Vol. 8), provides as follows:

"A person commits second degree forgery, if, with intent to defraud, he falsely makes, completes, alters, or utters a written instrument which is or purports to be, or which is calculated to become or to represent if completed: (a) A deed, will, codicil, contract, assignment, commercial instrument, promissory note, check, or other instrument which does or may evidence, create, transfer, terminate, or otherwise affect a legal right, interest, obligation, or status . . . ."

Here, the trial court concluded that an application for life insurance on the life of another can be the subject of a forgery, citing as authority the case of *Dudley v. State*, 10 Ala.App. 130, 64 So. 534 (1914). The court reasoned that the application fell within the scope of the statute since it was an instrument calculated to become, when completed, one which creates or affects a legal right, interest, obligation or status.

We agree with the reasoning and ruling of the trial court. The statute does not require that the written instrument be complete at the time the forgery is committed, so long as it may be used to create, transfer, terminate, or otherwise affect a legal right, interest, obligation, or status. The application here, a material part of which was the forged signature, constituted a completed offer which when accepted by the insurer would become a part of a contract of insurance. Thus, it falls clearly within the ambit of the statute.

Defendant also argues that the application had no legal effect, and was thus not a written instrument within the scope of § 18–5–103, C.R.S.1973 (1978 Repl. Vol. 8). He bases this argument on the fact that the agent signed a certification on the application stating that on the date shown he had personally seen the proposed insured Diane Reliford sign the application, when, in fact,

he had not. From this, defendant reasons that, since the policy was null and void at its inception, it cannot be the subject of a forgery under the statute. We disagree.

Under the circumstances present here, the crime of forgery was complete even though the fraudulent scheme was not successful. *People v. McClure*, 190 Colo. 250, 545 P.2d 1038 (1976).

### III.

Defendant alleges numerous other contentions of error which we have determined to be without merit. Defendant's contention that it was improper for the trial court to find the intent to defraud on the basis of circumstantial evidence is contrary to established legal principles. Where defendant has passed an instrument he knows to be false, the fact finder may infer an intent to defraud. *People v. Brown*, 193 Colo. 120, 562 P.2d 754 (1977); *Cameron v. People*, 170 Colo. 504, 462 P.2d 606 (1969).

Defendant's belated argument, that the second degree forgery statute under which he was tried and convicted is unconstitutional, was not presented to the trial court or otherwise preserved for appellate review. Since the constitutional issues were not presented to the trial court or properly preserved for purposes of appeal, we do not consider them. *People v. Pickett*, 194 Colo. 178, 571 P.2d 1078 (1977).

Judgment affirmed.

COYTE and VAN CISE, JJ., concur.