The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Larry Wayne WHITE,
Defendant–Appellant.

No. 89CA0883.

Colorado Court of Appeals,
Div. I.

July 26, 1990.

Rehearing Denied Sept. 6, 1990.

Certiorari Denied Feb. 4, 1991.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Douglas J. Friednash, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Martin E. Long, Denver, for defendant-appellant.

Opinion by Judge HUME.

Defendant, Larry Wayne White, appeals the denial of his Crim.P. 35(c) motion. We affirm.

Defendant, convicted of rape and sentenced under the Colorado Sex Offender Act, was paroled in September 1985, after serving approximately 10 years of an indeterminate to life sentence.

On January 14, 1986, defendant was charged by criminal information with second degree forgery, following his arrest on January 11, 1986. Both the arrest and filing of criminal charges arose from defendant's alleged attempt to cash an altered check made payable to him by Fifth Avenue Limousine, Inc.

Defendant's parole officer subsequently filed a complaint with the parole board charging defendant with the forgery as a parole violation. Defendant was served with a copy of the parole violation complaint on January 28, 1986, nine days prior to the parole revocation hearing. A hearing officer found that defendant had violated a condition of his parole by committing forgery on January 11, 1986, and ordered his parole revoked.

Defendant appealed the hearing officer's decision to an appeal panel of the parole board, and the panel affirmed the revocation. Defendant then sought post-conviction relief pursuant to Crim.P. 35(c) after the separate criminal information charging him with forgery was dismissed, without prejudice, at the request of the prosecution.

## I.

Defendant first contends the district court erred in finding the evidence presented at his parole revocation hearing sufficient to establish beyond a reasonable doubt that he committed the forgery. We disagree.

## A.

■ If, as here, a parolee pleads not guilty to a parole violation complaint alleging the commission of a crime for which he has not been convicted, then the authority seeking parole revocation has the burden of establishing beyond a reasonable doubt that the parolee committed the alleged offense. Section 17–2–103(9)(a), C.R.S. (1986 Repl Vol. 8A); see *White v. Denver District Court,* 766 P.2d 632 (Colo.1988).

■ To sustain a revocation complaint based on second degree forgery, the proponent must prove that the instrument in question was false and that the defendant knew of the falsity of the instrument when he participated in its passing or utterance with intent to defraud another. *People v. Rubanowitz,* 688 P.2d 231 (Colo.1984); See § 18–5–103, C.R.S. If, as here, direct or circumstantial evidence demonstrates that defendant knew of the falsity of the instrument, a presumption arises that the instrument was passed with the intent to defraud. *Cameron v. People,* 170 Colo. 504, 462 P.2d 606 (1969).

■ Here, the face of the check in question reflects a patent alteration indicated by obvious overlining. The itemization of the components for which payment was intended as set out in the upper lefthand corner of the check total $100 less than the altered amount of the check. An employee of the maker provided information to an employer of the check-cashing service and to a police investigator, both of whom testified, confirming that the check had been written and issued for the amount reflected in the itemization rather than the amount reflected by the altered amount purportedly payable. Also, according to the testimony of the employee of the check-cashing service to whom the check was presented,

defendant was in possession of the altered instrument and, by his words and conduct, attempted to negotiate the instrument according to its altered tenor. Had defendant been successful in obtaining cash for the altered instrument, the maker's rights and status would have been adversely affected by the alteration.

We perceive no error in the district court ruling that this evidence was sufficient to constitute proof beyond a reasonable doubt that defendant committed forgery and thereby violated a condition of his parole.

### B.

■ We reject defendant's contention that proof beyond a reasonable doubt cannot be based on hearsay testimony.

■ Any evidence having probative value is admissible at a parole revocation hearing, regardless of its admissibility under the exclusionary rules of evidence, provided that the parolee is accorded a fair opportunity to rebut hearsay testimony. *See* § 17–2–103(9)(a), C.R.S. (1986 Repl.Vol. 8A); *Firkins v. Colorado*, 434 F.2d 1232 (10th Cir.1970).

Here, the district court found, and we agree, that defendant was provided with an opportunity at the hearing to confront and cross-examine the witnesses and to rebut the hearsay testimony offered against him. Thus, we perceive no error in the admission of hearsay testimony in the revocation proceedings.

### II.

■ Defendant also contends that the court erred in concluding that he failed to raise, at the revocation hearing, the issue of a statutory time violation in the filing of the parole revocation complaint. We disagree.

Upon the arrest of a parolee for violating a condition of his parole, a parole officer must file a parole revocation complaint with the parole board not later than 10 working days after the arrest of the parolee. *See* § 17–2–103(5)(a), C.R.S. (1986 Repl.Vol. 8A). The parolee must be furnished a copy of the filed complaint within

a reasonable time prior to the revocation hearing. Section 17–2–103(6)(a), C.R.S. (1986 Repl.Vol. 8A).

Here, defendant was not arrested based on a complaint charging a parole violation. Rather, he was arrested and charged by criminal information with a new substantive crime of forgery, which served as independent grounds for his incarceration. Thus, the purpose contemplated by § 17–2–103(5)(a), *i.e.*, the prevention of indeterminate incarceration pending the filing of parole revocation proceedings, does not apply here. The criminal information remained pending and was not dismissed until several months after the conclusion of the revocation proceedings.

Moreover, there is no indication in the record of the revocation proceedings that defendant alleged either that the parole officer had failed timely to file the complaint with the parole board pursuant to § 17–2–103(5)(a), or that he was not served with a copy of the complaint within a reasonable time. *See* § 17–2–103(6)(a). Rather, defendant alleged only that he was not *served* with the revocation complaint within ten days after his arrest for the substantive crime of forgery.

Consequently, we conclude that defendant is not entitled to relief either for an alleged untimely filing or service of the revocation complaint.

### III.

Defendant next contends that he was erroneously denied the benefit of amendatory legislation that was enacted while he was seeking review of the revocation proceedings. He argues that he should now be accorded retroactive benefit of § 17–2–103(12), C.R.S. (1989 Cum.Supp.) under the provisions of Crim.P. 35(c)(1). We disagree.

Crim.P. 35(c)(1) provides a post-conviction remedy to a person whose conviction or sentence is appealed, and who demonstrates that, while the direct appeal was pending, a significant change in the law occurred such that the interests of justice require the application of the amendment

to that person's non-final conviction or sentence.

The rule has been held to apply to changes in the law that occur after commission of the offense but before conviction and to changes occurring between the date of conviction and the sentencing date. *See People v. Thomas*, 185 Colo. 395, 525 P.2d 1136 (1974); *People v. Jenkins*, 40 Colo. App. 140, 575 P.2d 13 (1977). It has also been held to apply to legislative changes reducing or mitigating penalties for non-final convictions, *see People v. Thomas, supra*, and to non-final convictions based upon statutes declared unconstitutional by the supreme court. *See People v. Crespin*, 682 P.2d 58 (Colo.App.1984), *rev'd on other grounds*, 721 P.2d 688 (Colo.1986).

■ While Crim.P. 35(c)(1) provides a remedy to an offender whose conviction or sentence is affected by a change in the law during the pendency of a direct appeal of such conviction or sentence, it does not provide a remedy to an offender claiming the benefit of changes in the law that occur during the pendency of other post-conviction proceedings.

In addition, we have found no authority supporting defendant's contention that Crim.P. 35(c)(1) applies so as to allow retroactive application of procedural changes in the law. The rule has been applied to changes that reduce the penalty applicable to a given conviction and to changes that nullify statutes defining criminal conduct, but our research reveals no instance in which the rule has been interpreted to require retroactive application of procedural changes that do not affect constitutional rights.

■ Here, defendant does not contend that because of the amendatory legislation the revocation proceedings afforded him were constitutionally infirm. He contends only that he is entitled to the speculative benefit of statutory changes in the parole revocation process.

Section 17–2–103(12), which defendant seeks to have retroactively applied, provides:

"If the parole officer is informed by any law enforcement agency that a parolee has been arrested for a criminal offense and is being detained in a county jail, the parole officer shall filed a complaint alleging the criminal offense as a violation of parole. The parole officer shall advise the board of any pending criminal proceeding and shall *request* that a parole revocation proceeding be deferred pending a disposition of the criminal change." (emphasis supplied)

Even if we assume that the mandated *request* for deferral of revocation proceedings also implies that such a request must be granted, the argument is nevertheless unpersuasive.

Here, the amendatory legislation does not decriminalize the conduct that precipitated defendant's parole revocation, nor does it directly affect the length of defendant's sentence as a sex offender. Under these circumstances, we conclude that Crim.P. 35(c)(1) cannot afford defendant the remedy he seeks.

The remainder of defendant's contentions are without merit.

The order denying defendant's Crim.P. 35(c) motion is affirmed.

PIERCE and CRISWELL, JJ., concur.