The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Dewitt FORSYTH, Defendant-Appellant.

No. 81CA0016.

Colorado Court of Appeals, Div. I.

June 24, 1982.

Rehearing Denied July 22, 1982.

Certiorari Denied Nov. 1, 1982.

J.D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Mary R. Ricketson, Asst. Atty. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, Thomas M. Van Cleave, III, Deputy State Public Defender, Denver, for defendant-appellant.

COYTE, Judge.

Defendant appeals from the judgment of the trial court finding him guilty of second degree forgery and theft. We affirm.

Defendant was hired by Elsie Cerise to handle the probate of her husband's estate. In September 1974, Mrs. Cerise gave defendant three bonds with instructions that he should cash them and mail her the proceeds. These bonds had a total value of $3,000 plus $241.83 in accumulated interest. Defendant arranged for Colorado National Bank to convert the bonds into cashier's checks with Elsie Cerise named as the payee. Mrs. Cerise, however, never received these checks.

In October 1974, defendant gave a loan officer at the Colorado State Bank four checks to repay a personal loan he had taken out. One of these checks was for $241.83 and was endorsed by Elsie Cerise. Mrs. Cerise testified, however, that she had not endorsed the check nor given defendant the permission to cash it.

Defendant further admitted at trial that he deposited the remaining $3,000 into his own trust account at Colorado National Bank. He eventually depleted this trust account, and it was eventually closed by the bank. Defendant also testified that he had not repaid the estate for the money he had wrongfully appropriated.

Defendant first contends that the trial court erred in denying his motion to suppress bank records obtained from the Colorado State Bank. We disagree.

Colorado State Bank had filed a complaint with the district attorney's office following receipt of a forgery affidavit from Colorado National Bank. As Colorado State Bank was ultimately liable for the wrongful payment of an instrument with a forged endorsement, it reimbursed Colorado National Bank for the amount of the loss. At the time Colorado State Bank filed its complaint with the district attorney's office, it turned over various bank records pertaining to defendant's account. Defendant now contends that since no subpoena was introduced to show that the records were obtained through legal process, such records should be suppressed. This contention is without merit.

In *Charnes v. DiGiacomo*, Colo., 612 P.2d 1117 (1980), the Colorado Supreme Court held that a taxpayer has a legitimate expectation of privacy in bank records and financial transactions. However, the court further stated:

"If the reason for the government's interest in the bank account is that the customer has written a 'bad check,' the bank may reveal the existence and status of the customer's account.... In these cases the bank is an active party to the transaction and the customer loses his expectation of privacy in the account."

The transaction in question here is similar to the bad check situation in that the bank producing the record suffered a loss by reason of defendant's forged endorsement. Hence, as the bank was an active party to the transaction, the defendant lost his expectation of privacy in his account, and thus, defendant has no basis to complain that the bank, pursuant to the complaint it filed against him, turned over records of his transactions without the issuance of a subpoena. Accordingly, the trial court did not err in denying defendant's motion to suppress.

Defendant next contends that there was insufficient evidence to convict him of second degree forgery since no intent to defraud was shown. We disagree.

Defendant argues that because he was in legal possession of the bonds given to him

by his client, and these bonds were payable to bearer, he was entitled to receive the proceeds from these bonds. Defendant thus argues that he did not have the requisite intent to defraud as he did not obtain money to which he was not legally entitled.

Defendant, however, admitted at trial that he knew he was not entitled to sign his client's name to the checks nor to keep the proceeds from the bonds. Defendant further testified that his "best guess" was that he had forged his client's name to the checks. He also admitted that he had used the proceeds to pay off his personal loans.

As the evidence established that defendant had passed an instrument that he knew was false, the trial court did not err in finding that the defendant had the requisite specific intent to defraud. *People v. Brown,* 193 Colo. 120, 562 P.2d 754 (1977); *People v. Reliford,* Colo.App., 641 P.2d 281 (1981).

Judgment affirmed.

VAN CISE and TURSI, JJ., concur.