The PEOPLE of the State of Colorado, Plaintiff–Appellant,

v.

Jesus LOPEZ, Jr., Defendant–Appellee.

No. 89SA82.

Supreme Court of Colorado,
En Banc.

July 24, 1989.

G.F. Sandstrom, Dist. Atty., and Frederick N. Mattoon, Deputy Dist. Atty., Pueblo, for plaintiff-appellant.

Jesus Lopez, Jr., Pueblo, pro se.

Justice VOLLACK delivered the Opinion of the Court.

The People bring this interlocutory appeal from the district court order suppressing bank records. We reverse.

## I.

Jesus Lopez, Jr. is an oral surgeon working in the city of Pueblo. In 1988 Lopez was charged with three counts of fraud by check, a class 4 felony. The first count charged that Lopez issued a check to a nurse for payment of employment when he knew that there were not sufficient funds in his checking account. The second and third counts charged that Lopez issued checks for dry cleaning services on an account that did not contain sufficient funds.

An investigator for the check fraud unit of the district attorney's office obtained bank statements and bank records concerning Lopez' bank accounts pursuant to section 18–5–205(7), 8B C.R.S. (1986), from United Bank of Pueblo, Colorado National Bank—Belmont, and Colorado National Bank—Pueblo. In December 1988, Lopez filed a motion asking the district court to suppress the bank records, asserting that their seizure violated his constitutional rights. The district court concluded that *Charnes v. DiGiacomo*, 200 Colo. 94, 612 P.2d 1117 (1980), was controlling and granted the defendant's motion to suppress all records obtained from the three banks. The People filed this interlocutory appeal from the suppression order.

## II.

The district court ruled that Lopez had a right to notice under the Colorado Constitution, at the time when the demands to produce bank records were served on the banks. Lopez did not receive such notice. The court further ruled that Lopez suffered "an actual injury to a legally-protected or cognizable privacy interest," and suppressed all the records obtained from the three banks and all derivative evidence. The People filed this interlocutory appeal asking us to reverse the suppression order, arguing that footnote 6 in *DiGiacomo* is controlling. We agree.

The general rule is that the determination whether a taxpayer has a protectable interest in his bank records is "whether the bank depositor has a reasonable expectation of privacy in the bank records of his financial transactions." *Charnes v. DiGiacomo*, 200 Colo. 94, 100, 612 P.2d 1117,

1121 (1980). In *DiGiacomo*, we held that under the Colorado Constitution, a bank customer has a reasonable expectation of privacy in the bank's records of the customer's financial transactions. *Id.* at 100, 612 P.2d at 1121; *see People v. Lamb*, 732 P.2d 1216, 1220 (Colo.1987). We described an exception to this general rule in *DiGiacomo*, however, and held:

> If the reason for the government's interest in the bank account is that the customer has written a "bad check," the bank may reveal the existence and status of the customer's account. In these cases, the bank is an active party to the transaction, and the customer loses his expectation of privacy in the account.

*DiGiacomo*, 200 Colo. at 99 n. 6, 612 P.2d at 1121 n. 6 (citations omitted). Thus, in "bad check" cases the customer does not have an expectation of privacy as he does in other types of investigations. *See, e.g., Lamb*, 732 P.2d at 1221–22 (in securities investigation, the customer is entitled to notice of an administrative subpoena of bank records); *Benson v. People*, 703 P.2d 1274 (Colo.1985) (*DiGiacomo* notice requirements apply in investigation under Organized Crime Control Act).

The assertion in this case is that Lopez wrote "bad checks." This is precisely the exception to the general rule that we described in *DiGiacomo*. Under the express language of *DiGiacomo*, Lopez lost his expectation of privacy in the bank accounts being investigated and the banks were entitled to "reveal the existence and status" of Lopez' accounts to the government. *See also People v. Forsyth*, 653 P.2d 417, 418 (Colo.App.1982) (In a forgery and theft investigation, the bank was an active party and the defendant "lost his expectation of privacy in his account."). Because the defendant here did not have a reasonable expectation of privacy under *DiGiacomo*, the trial court erred in ordering suppression of the bank records. We reverse the suppression order and remand the case for further proceedings.