The PEOPLE of the State of Colorado, Plaintiff–Appellant,

v.

Marvin SELPH, Defendant–Appellee.

No. 89SA192.

Supreme Court of Colorado, En Banc.

Oct. 23, 1989.

G.F. Sandstrom, Dist. Atty., and Frederick N. Mattoon, Deputy Dist. Atty., Pueblo, for plaintiff-appellant.

David F. Vela, Colorado State Public Defender, and Victor I. Reyes, Deputy State Public Defender, Pueblo, for defendant-appellee.

Justice VOLLACK delivered the Opinion of the Court.

In this interlocutory appeal the People challenge a district court order suppressing bank records of short checks written by the defendant. We reverse.

I.

The People filed a felony complaint against defendant Marvin Selph (Selph) of twelve counts of felony fraud by check, § 18–5–205(2) & (3), 8B C.R.S. (1986), and one count of misdemeanor theft, § 18–4–401, 8B C.R.S. (1986 & 1988 Supp.).

An investigator in the check-fraud unit of the district attorney's office, prior to filing of the felony complaint, contacted the Central Bank of Pueblo, Colorado National Bank—Pueblo, and Colorado National Bank —Belmont, requesting that they release to the district attorney's office records concerning Selph's bank accounts pursuant to section 18–5–205(7),[1] 8B C.R.S. (1986). The district attorney did not provide notice to Selph of the district attorney's request for the bank records. The banks honored the district attorney's requests, and turned over their records of Selph's bank accounts and the signature cards. Selph filed a pretrial motion to suppress evidence. Selph contended in his motion that the district attorney's warrantless seizure of the bank records violated section 16–3–301,[2] 8A

1. Section 18–5–205(7) provides that

[a] bank, a savings and loan association, an industrial bank, or a credit union shall not be civilly or criminally liable for releasing information relating to the drawer's account to a sheriff, deputy sheriff, undersheriff, police officer, district attorney, assistant district attorney, deputy district attorney, or authorized investigator for a district attorney investigating or prosecuting a charge under this section.

2. Section 16–3–301 provides that

(1) A search warrant authorized by this section may be issued by any judge of a court of record.

C.R.S. (1986), and article II, section 7,[3] of the Colorado Constitution. On May 11, 1989, the district court entered its order suppressing the bank records seized by the district attorney. The district court ruled that because Selph maintained a reasonable expectation of privacy in the bank records seized by the district attorney, the district attorney was required to give Selph notice of the district attorney's requests for the records. The People appeal the district court's suppression order.

## II.

The facts in this case are similar to the facts in *People v. Lopez*, 776 P.2d 390 (Colo.1989). The defendant in *Lopez* was charged with felony fraud by check and the district attorney, acting without a warrant, obtained records of defendant's bank accounts pursuant to section 18–5–205(7). The district court entered an order suppressing the defendant's bank records and the People appealed. We held that in "bad check" cases bank customers do not have an expectation of privacy because they have made the bank "an active party to the transaction." *Id.* at 391 (quoting *Charnes v. DiGiacomo*, 200 Colo. 94, 99 n. 6, 612 P.2d 1117, 1121 n. 6 (1980)). *Charnes* and *Lopez* establish a "bad check" exception to the general rule that a bank customer has a reasonable expectation of privacy in the bank's records of his financial transactions.

(2) A search warrant may be issued under this section to search for and seize any property:
  (a) Which is stolen or embezzled; or
  (b) Which is designed or intended for use as a means of committing a criminal offense; or
  (c) Which is or has been used as a means of committing a criminal offense; or
  (d) The possession of which is illegal; or
  (e) Which would be material evidence in a subsequent criminal prosecution in this state or in another state; or
  (f) The seizure of which is expressly required, authorized, or permitted by any statute of this state; or
  (g) Which is kept, stored, maintained, transported, sold, dispensed, or possessed in violation of a statute of this state, under circumstances involving a serious threat to public safety or order or to public health; or

*See Lopez*, 776 P.2d at 391; *Charnes*, 200 Colo. at 100, 612 P.2d at 1121. The same analysis is appropriate here. Under the facts of this case, Selph does not have an expectation of privacy in the bank account records resulting from his short checks because the bank was an actual party to the transaction. Because Selph did not have a reasonable expectation of privacy in the bank records seized by the district attorney, the district attorney was not required to give Selph notice of the district attorney's requests for the records.

We reverse the suppression order and remand the case for further proceedings.

(h) Which would aid in the detection of the whereabouts of or in the apprehension of a person for whom a lawful arrest warrant is outstanding.
  (3) A search warrant may be issued under this section to search for any person for whom a lawful arrest warrant is outstanding.

3. Article II, section 7, of the Colorado Constitution provides that
  The people shall be secure in their persons, papers, homes and effects, from unreasonable searches and seizures; and no warrant to search any place or seize any person or things shall issue without describing the place to be searched, or the person or thing to be seized, as near as may be, nor without probable cause, supported by oath or affirmation reduced to writing.