## No. 8965.

### DeRose *v.* The People.

Criminal Law—*Forgery—False Statement in Writing which is Otherwise Genuine,* and what it purports to be, e. g., the insertion in a railway time roll of one who, during the time indicated, rendered less service than set down to his credit is not forgery.

*Error to Lake District Court, Hon. Chas. Cavender, Judge.*

Messrs. Hogan & Bonner, for plaintiff in error.

Hon. Fred Farrar, Attorney General, Mr. Ralph E. C. Kerwin, Assistant Attorney General, for The People,

Mr. Justice Garrigues delivered the opinion of the court.

Charles DeRose was convicted of forgery in the court below and sentenced to a term in the penitentiary.

The information charged that he feloniously and falsely made and forged a certain order, warrant and request for the payment of money by the Denver & Rio Grande Railroad Company, to-wit, a certain railway time roll, and did feloniously utter, publish, pass and attempt to pass as true and genuine, a certain false order, warrant and request for the payment of money by the Denver & Rio Grande Railroad Company, to-wit, a roadway time roll, with intent to damage and defraud the company.

On motion for a bill of particulars, the prosecution furnished defendant with a copy of the instrument alleged to have been forged and uttered, which is a time sheet or railroad time roll, containing the names of men who worked on the Tennessee Pass section; the time they worked and rate and amount of compensation due each for the month of December, 1915; which defendant, as section foreman, made and certified as correct, and sent in to the road master.

The evidence shows that defendant was section boss or foreman on the Tennessee Pass section; that a part of his duties was to make out and send in the time roll of the men who were working for him on the section, at the

end of the month; that he "padded" the time roll for the month of December, 1915, by crediting Albert De Rose with more days than he had worked during that month. The customary method of paying section men, was for the foreman to make out the time roll at the end of the month, certify it as correct and send it to the office of the road master, where it was checked over, countersigned and sent to the superintendent's office, as the basis of the pay roll. The time roll remains in the superintendent's office and the pay roll is made up from it, and sent to the treasurer's office in Denver, from which office the pay checks, when written, are sent to the men whose names appear on the roll. In this instance the fraud was discovered in the road master's office, before the pay roll was made up.

The court instructed the jury:

"3."

"Under the statutes of Colorado, the fabrication of any false instrument with intent to defraud, or the attempt to pass such instrument with like intent, is forgery, even though there is no forged endorsement by the payee. The crime does not consist in accomplishing the fraud, but in attempting it by prohibited means, and if you should find from the evidence that Charles De Rose placed the name of Albert DeRose upon the pay roll with intent to defraud the Denver & Rio Grande Railroad Company out of pay for any number of days, you will find him guilty of forgery."

The statute provides:

"Every person who shall falsely make, alter, forge or counterfeit * * * any order, or warrant or request for the payment of money * * * with intent to damage or defraud any person or persons, body politic or corporate * * *; or shall utter, publish, pass or attempt to pass as true and genuine, or cause to be uttered, published, passed or attempted to be passed as true and genuine, any of the above named false, altered, forged or counterfeited matters as above specified and described, knowing the same to be false, altered, forged or counterfeited, with intent to prejudice,

damage or defraud any person or persons, body politic or corporate * * *; every person so offending, shall be deemed guilty of forgery."

1. This writing is what it purports to be: a true and genuine instrument, although it contains false statements. It is not a false paper, and the execution of such a document, does not constitute forgery. The prosecution failed to distinguish between falsely making an instrument, and making a false instrument, and this paper was not falsely made or forged. To forge or counterfeit an instrument is to falsely make it. The term "falsely make" as used in the statute, refers to the paper itself as being false, and not the truth or falsity of its statements. The statute refers to the false making or altering, and not to the tenor of the writing or the facts stated therein. A false statement of fact in an instrument, which is itself genuine, by which another person is deceived and defrauded, is not forgery.

*State v. Young,* 46 N. H. 266, 88 Am. Dec. 212; *Territory v. Gutierrez,* 13 N. M. 312, 84 Pac. 525, 5 L. R. A. (N. S.) 375; *U. S. v. Glasener,* 81 Fed. 566.

So in this case, defendant, when he made up and signed the time roll, did not make a false writing. The document itself is genuine, and the fact that he made a false statement in the writing, does not constitute the crime of forgery.

The judgment of the lower court is reversed.

Decision *en banc.*

*Reversed.*

Mr. Justice Scott not participating.