Mohammad A. **RAZI,** Plaintiff–Appellee,

v.

Robert A. **SCHMITT,** Defendant–
Appellant.

No. 00CA0031.

Colorado Court of Appeals,
Div. IV.

March 1, 2001.

As Modified on Denial of Rehearing
May 31, 2001.

Certiorari Granted Dec. 3, 2001.

Law Offices of Richard B. Gavend, P.C., Richard B. Gavend, David M. Bryans, Denver, CO, for Plaintiff–Appellee.

Martin & Mehaffy, LLC, Joel C. Maguire, Boulder, CO, for Defendant–Appellant.

Opinion by Judge RULAND.

In this action to recover for damage to a commercial building resulting from a fire, defendant, Robert A. Schmitt, appeals from the judgment in favor of plaintiff, Mohammad A. Razi. We affirm in part, reverse in part, and remand the cause with directions.

Defendant started a series of fires in a commercial office building owned by plaintiff. The two-story building was rented to defendant's employer. The fires caused extensive damage. Only three of the four outside walls were salvageable.

Following his trial on arson charges, defendant paid all amounts ordered by the trial court in that case as restitution. This payment included $244,757.37 to plaintiff and plaintiff's insurance company.

Plaintiff then filed this action seeking additional compensatory and punitive damages. After a bench trial, the trial court awarded plaintiff additional compensatory damages in the sum of $390,530 for construction of a replacement building and for additional lost rent. In addition, the court awarded punitive damages in the sum of $250,000.

Between the insurance proceeds that plaintiff had already been paid via court-ordered restitution and the trial court's compensatory award, plaintiff would receive a total of $573,313 to replace the building.

According to defendant's expert, estimates of the building's value just prior to the fire ranged from $85,000 using the income approach to valuation to $210,000 using the cost approach. Based upon comparable sales, the value was placed at $135,000.

Plaintiff did not present evidence addressing diminution in market value, apparently as a result of the court's ruling on a pretrial summary judgment motion. Instead, plaintiff relied upon evidence of the cost to replace the building as the applicable measure of damages.

## I.

■ Defendant contends that the trial court applied the incorrect measure of damages when it awarded compensatory damages based on the cost to reconstruct the

building rather than the diminution in market value of the existing building. We agree.

In reaching its decision on compensatory damages, the trial court relied upon the opinion of our supreme court in *Board of County Commissioners v. Slovek*, 723 P.2d 1309 (Colo.1986). In *Slovek*, the plaintiff's residential property was damaged by a discharge of water negligently caused by the county. The water damaged trees and fencing and caused the death of a fish population that was being maintained in a pond. The trial court awarded damages based upon diminution in market value.

On appeal, our supreme court indicated that the usual award for injury to property is an amount equal to the diminution in market value together with damages for loss of use. However, the court held that an award of restoration costs was appropriate in that case. The court cited Restatement (Second) of Torts § 929 (1977) for the proposition that, in appropriate cases, the diminution in market value test may not be applicable. The court concluded:

> If the damage is reparable, and the costs, although greater than original value, are not wholly unreasonable in relation to that value, and if the evidence demonstrates that payment of market value likely will not compensate the property owner *for some personal or other special reason*, we conclude that the selection of the cost of restoration as the proper measure of damages would be within the limits of a trial court's discretion.

723 P.2d at 1317 (emphasis supplied). *See Fowler Irrevocable Trust v. City of Boulder*, 17 P.3d 797 (Colo.2001) (discussing *Slovek* in the context of a temporary taking); *see also Allyn v. Boe*, 87 Wash.App. 722, 943 P.2d 364 (1997)(applying the rationale of *Slovek* in awarding damages for injury to timbered land retained for a retirement home).

Here, the trial court determined that an award based upon the diminution in market value was inappropriate because such would not fairly compensate plaintiff for his loss. In support of its decision, the trial court found with record support that the office building prior to the fire was substandard. The court also found with record support that a certificate of occupancy following reconstruction of the building to its pre-fire condition would not issue because of the failure of the structure to meet current building codes and to have facilities currently required, such as an elevator, a bathroom on the second floor, a sprinkler system, and other improvements.

Colorado courts have not yet addressed the requirement for a "personal or other special reason" referenced in *Slovek* in the context of commercial structures. Certain other jurisdictions, however, have discussed this requirement. *See Lexington Insurance Co. v. Baltimore Gas & Electric Co.*, 979 F.Supp. 360, 365 (D.Md.1997)(the "personal reason" exception requires that "the property injured need not be an inhabited home ... [but] must be suitable and available for a homesite and be held by the owner for that purpose"); *Trinity Church v. John Hancock Mutual Life Insurance Co.*, 399 Mass. 43, 48–49, 502 N.E.2d 532, 535–36 (1987)("For certain categories of property, termed 'special purpose property' (such as the property of nonprofit, charitable, or religious organizations), there will not generally be an active market from which the diminution in market value may be determined."); *see also Myers v. Arnold*, 83 Ill.App.3d 1, 38 Ill.Dec. 228, 403 N.E.2d 316 (1980) (suggesting that restoration cost rule does not apply to property held for business use).

Here, plaintiff's building was used strictly for commercial purposes. There was no testimony that he lived in the building or intended to inhabit the building in the future. And, there was no testimony that the property was used for special purposes. *See Trinity Church v. John Hancock Mutual Life Insurance Co., supra; see also Heidorf v. Town of Northumberland*, 985 F.Supp. 250 (N.D.N.Y.1997).

Next, plaintiff has failed to cite any case from those jurisdictions that have followed the Restatement, and we find none, in which restoration cost was awarded for a commercial building in excess of the pre-injury market value of the structure where no acceptable personal or other special use was shown. *See Lerman v. City of Portland*, 675 F.Supp.

11 (D.Me.1987)(cost restoration rule not applied for damages to apartments that had been in plaintiff's family "for a long time" because this was not an appropriate "personal reason"), *aff'd mem.*, 879 F.2d 852 (1st Cir.1989); *see also Lexington Insurance Co. v. Baltimore Gas & Electric Co., supra* (personal aspiration for a particular commercial enterprise not deemed a "personal reason").

Finally, the evidence in this record indicates that the cost of a new building may exceed the market value of the pre-fire structure by as much as two and one-half times. In our view this margin would exceed what is reasonable. Conversely, plaintiff would receive a building with a longevity far in excess of that of the former structure, together with a potential to generate income for a period far in excess of what was there before. This award thus far exceeds the amount of plaintiff's loss. *See Board of County Commissioners v. Slovek, supra.*

In sum, contrary to plaintiff's contention, we conclude that the need to comply with current building codes in constructing a new building is not a special reason as contemplated in *Slovek* for allowing an award far in excess of the value of the existing structure at the time of the fire. Hence, we hold that an award of compensatory damages here must be limited to diminution in market value.

Accordingly, the case must be remanded for a new trial on the damage issue so that the parties may focus their evidence on diminution in market value. *See Judd Construction Co. v. Bob Post, Inc.*, 516 P.2d 449 (Colo.App.1973)(not selected for official publication). Necessarily, the issue of punitive damages must be reconsidered as well.

## II.

■ Defendant contends that the trial court was in error when it awarded plaintiff $3,000 per month for lost rent. In support, defendant relies on the trial management order in which plaintiff stipulated to $2,000 per month. We disagree.

In pertinent part, C.R.C.P. 16(c)(3) states that the trial management order controls the subsequent course of the trial. In this case, the order specifically stated that damages for uncompensated loss of rental would continue at the rate of $2,000 per month.

However, during the presentation of evidence, a real estate appraiser testified that he had used an $8 per square foot rental figure in his calculation of fair market value of the building under the income capitalization approach. The trial court relied upon this testimony and awarded plaintiff damages for uncompensated loss of rental based on the $8 per square foot, or $4,000 per month.

After defense counsel reminded the trial court that this rental rate was a full service rental rate and would require expenditures by the landlord, the court reduced the award to $3,000 per month based upon a new stipulation by the parties. No reference to the trial management order was made by either party.

Because the parties entered into a second stipulation after the trial management order was entered, the court did not err in relying upon that stipulation as the basis for its award. *See USI Properties East, Inc. v. Simpson*, 938 P.2d 168 (Colo.1997).

## III.

Certain issues relative to punitive damages may arise again on retrial of this case, and thus we address them here.

### A.

■ Defendant notes that he has already been punished in the criminal justice system for the arson. As a result, he maintains that there are no legal grounds for an award of punitive damages, particularly in light of the court's finding that defendant would not again commit arson. We disagree.

■ Once it is determined that sufficient evidence exists to support an award for exemplary damages, the trial court is granted discretion to determine whether an award is appropriate. *Ballow v. PHICO Insurance Co.*, 878 P.2d 672 (Colo.1994). An award is authorized for willful and wanton conduct, that is, conduct that the "actor must have realized as dangerous, done heedlessly and recklessly, without regard to consequences,

or of the rights and safety of others, particularly the plaintiff." Section 13–21–102(1)(b), C.R.S.2000.

In this case, the trial court found that defendant's conduct was willful and wanton. Specifically, the court found that defendant purposefully set the fires and that his actions were taken without regard to the consequences or effect on others. And, the statute does not preclude an award against one who has also been charged with criminal misconduct.

Finally, because the award is authorized in order to serve as an example to others, a finding that defendant will not repeat the conduct does not preclude the court from exercising its discretion to award punitive damages. *See Mince v. Butters*, 200 Colo. 501, 616 P.2d 127 (1980).

### B.

Lastly, defendant asserts that the trial court committed error when it considered, over defendant's objection, evidence of defendant's income and net worth in its determination of punitive damages. We agree.

Section 13–21–102(6), C.R.S.2000, expressly prohibits consideration of a party's net worth or income in deciding whether exemplary damages are appropriate or in determining the amount of such damages. Hence, upon remand this evidence may not be considered.

That part of the judgment awarding plaintiff lost rental is affirmed. The remainder of the judgement is reversed and the cause is remanded for further proceedings consistent with the views expressed in this opinion.

DAVIDSON and KAPELKE, JJ., concur.

* Justice KOURLIS does not participate.