Colorado Court of Appeals Opinions || September 10, 2015


Colorado Court of Appeals -- September 10, 2015
2015 COA 123. No. 12CA2452. People v. Nelson.



 Â 

 
 
 
 COLORADO COURT OF APPEALS

 
 2015 COA 123

 
 



 Court of Appeals No. 12CA2452
 Mesa County District Court No. 12CR89
 Honorable Richard T. Gurley, Judge


 The People of the State of Colorado,

 Plaintiff-Appellee,

 v.

 Joseph Nelson,

 Defendant-Appellant.


 JUDGMENT AND SENTENCE AFFIRMED

 Division III
 Opinion by JUDGE FOX
 Dailey and Lichtenstein, JJ., concur

 Announced September 10, 2015


 Cynthia H. Coffman, Attorney General, Rebecca Adams Jones, Senior Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

 Douglas K. Wilson, Colorado State Public Defender, Nathaniel E. Deakins, Deputy Public Defender, Denver, Colorado, for Defendant-Appellant

 Â 

 Â¶1Â Â Â Â Â Â Â Â  Defendant, Joseph Nelson, was charged with aggravated cruelty to animals, cruelty to animals, and underage possession of alcohol after a 2011 incident in which he killed his motherâs dog. Nelson was a juvenile at the time of the offense, but he was charged as an adult under Coloradoâs direct filing statute, Ch. 264, sec. 1, Â§ 19-2-517, 2010 Colo. Sess. Laws 1199 (direct filing statute or Statute). The Statute allows the state, in certain circumstances, to charge juvenile offenders as adults by filing the charges directly in district court. When Nelson was charged, a juvenile accused of committing a felony could be charged in district court if the juvenile qualified as a âhabitual juvenile offender.â Id. at 1200. Nelson concedes that he was a habitual juvenile offender and that he was properly charged under the then-existing direct filing statute.

 Â¶2Â Â Â Â Â Â Â Â  Months after Nelson was charged, but before he entered a guilty plea and was sentenced, the governor signed into law House Bill 12-1271, which significantly amended the direct filing statute. See Ch. 128, sec. 1, Â§ 19-2-517, 2012 Colo. Sess. Laws 439-45 (approved Apr. 20, 2012). The amendments narrowed the circumstances in which juveniles may be charged as adults byÂ direct filing. The amended Statute allows direct filing only where a juvenile (1) is alleged to have committed a âcrime of violenceâ pursuant to section 18-1.3-406, C.R.S. 2014; (2) is alleged to have committed certain sexual assault crimes; or (3) has previously been convicted of felony offenses that were, or could have been, directly filed in district court. Â§ 19-2-517, C.R.S. 2014. Under the amended Statute, Nelsonâs offenses would not qualify for direct filing.

 Â¶3Â Â Â Â Â Â Â Â  House Bill 12-1271 also amended the sentencing procedures â which vary depending on the nature of the conviction â for cases directly filed in district court. The prior version of the Statute gave the district court authority to sentence a juvenile convicted of a crime in district court. See 2010 Colo. Sess. Laws at 1200 (Â§ 19-2Â­517(6)). Under the amended Statute, however, when a juvenile is convicted in district court of offenses that are not eligible for district court jurisdiction under the direct filing statute or the transferÂ statute, the district court must remand the case to juvenile court[1]for sentencing. See Â§ 19-2-517(6)(c).

 Â¶4Â Â Â Â Â Â Â Â  On September 13, 2012, Nelson pleaded guilty to aggravated cruelty to animals â a class six felony â and the state dismissed the remaining charges and charges in an unrelated case. The amendments to the direct filing statute had taken effect before Nelson pleaded guilty, but Nelson did not challenge the district courtâs jurisdiction over the case. At his sentencing hearing, however, Nelson asked the district court to apply the direct filing statuteâs amended sentencing provisions. He argued that he had been convicted of an offense that is no longer eligible for direct filing and that, therefore, he should be sentenced as a juvenile. The district court refused to apply the amended Statute, stating that the Statute âdidnât apply to this incident.â Nelson was sentenced to five years of intensive supervised probation, including eighteen months in community corrections, in accordance with the adult felony sentencing scheme. See Â§Â§ 18-1.3-201, -202, -401, C.R.S. 2014.Â 

 Â¶5Â Â Â Â Â Â Â Â  Nelson now appeals his conviction and sentence. He argues that the district court erred by failing to apply the amended direct filing statute to his case, and he contends that, had the court applied the amended statute as required, it would have been required to remand his case to the juvenile court for sentencing. Because we conclude that the district courtâs sentencing authority over Nelsonâs case remains unchanged after House Bill 12-1271 was enacted, we affirm the conviction and sentence.

 I. Standard of Review

 Â¶6Â Â Â Â Â Â Â Â  Because this case involves a question of statutory interpretation, we review the district courtâs interpretation de novo. People v. Kovacs, 2012 COA 111, Â¶9. Our primary aim when interpreting a statute is to âascertain and give effect toâ the intent the General Assembly has expressed in the language of the statute. Id.; Benefield v. Colo. Republican Party, 2014 CO 57, Â¶11. To do so, we read the statute as a whole, giving words and phrases their plain and ordinary meanings, and interpret the statute to give consistent, harmonious, and sensible effect to all of its parts. Kovacs, Â¶10. If the statute is unambiguous, we apply the statuteâs unambiguousÂ meaning to the present case. Id. at Â¶11. If the statute is ambiguous, however, âwe may consider prior law, legislative history, the consequences of a given construction, and the underlying purpose or policy of the statuteâ to determine its meaning. Id.

 II. Discussion

 Â¶7Â Â Â Â Â Â Â Â  Before House Bill 12-1271 was passed, the direct filing statuteâs sentencing provisions read, in relevant part, as follows:

 (6)(a) If a juvenile is convicted following the filing of criminal charges by information or indictment in the district court pursuant to this section, the district judge shall sentence the juvenile as follows:

 (I) As an adult; or

 (II) To the youthful offender system

 . . . . . .

 (b) The district court judge may sentence a juvenile pursuant to the provisions of this article if the juvenile is convicted of a lesser included or nonenumerated offense for which criminal charges could not have been originally filed by information or indictment in the district court pursuant to this section.

 2010 Colo. Sess. Laws at 1202-03.

 Â¶8Â Â Â Â Â Â Â Â  House Bill 12-1271 amended subsection (6)(b) to state: âIf the juvenile is convicted of only a misdemeanor offense or misdemeanor offenses, the court shall adjudicate the juvenile a delinquent and sentence the juvenile pursuant to this article.â Â§ 19-2-517(6)(b). House Bill 12-1271 also added a new subsection to the Statuteâs sentencing provisions. That subsection states: âIf a juvenile is convicted of an offense that is not eligible for district court jurisdiction under either this section or section 19-2-518, the juvenile shall be remanded to juvenile court.â Â§ 19-2-517(6)(c). Finally, House Bill 12-1271 added the following language to the Statute: âWhen a juvenile is sentenced pursuant to the provisions of this article, the juvenileâs conviction shall be adjudicated as a juvenile delinquency adjudication.â Â§ 19-2-517(9).

 Â¶9Â Â Â Â Â Â Â Â  As a result of these changes, when a juvenile defendant pleads guilty in district court to an offense that is ânot eligible for district court jurisdictionâ under the direct filing statute or the transfer statute, the district court must remand the case to the juvenile court for sentencing.

 Â¶10Â Â Â Â Â Â Â Â  Nelson argues that because he pleaded guilty to an offense that is no longer eligible for direct filing, his offense was ânot eligible for district court jurisdictionâ after the entry of his plea, and that his case must be remanded to juvenile court in accordance with subsections (6)(c) and (9) of the direct filing statute.

 Â¶11Â Â Â Â Â Â Â Â  The prosecution argues that Nelson waived this claim by pleading guilty and by failing to challenge the district courtâs jurisdiction at the sentencing hearing. We disagree. A guilty plea generally waives all non-jurisdictional challenges to a conviction, see Patton v. People, 35 P.3d 124, 128 (Colo. 2001), but it does not bar a defendant from challenging the district courtâs actions after the court accepts the plea. See, e.g., People v. Montour, 157 P.3d 489, 499 (Colo. 2007) (A guilty plea âonly waives those rights that are incompatible with a guilty plea,â and generally does not bar challenges based on sentencing procedures.). Nelson challenges only the district courtâs post-plea actions. He preserved this challenge by arguing for application of the direct filing statute at his sentencing hearing. See Berra v. Springer & Steinberg, P.C., 251 P.3d 567, 570 (Colo. App. 2010) (a defendant need only call theÂ argument to the district courtâs attention and give the court a meaningful opportunity to decide the issue to preserve it).

 Â¶12Â Â Â Â Â Â Â Â  We disagree with Nelsonâs claim that his case must be remanded. Section 19-2-517(6)(c) requires a remand only where a juvenile is convicted of an offense that is not eligible for district court jurisdiction âunder either [the direct filing statute] or section 19-2-518 . . . .â (Emphasis added.) Section 19-2-518(1)(a)(I)(B), C.R.S. 2014, provides that a juvenile, once charged in juvenile court, may âbe held for criminal proceedings in the district courtâ if the juvenile is â[f]ourteen years of age or older at the time of the commission of the alleged offense and is a juvenile delinquent by virtue of having committed a delinquent act that constitutes a felony.â According to the presentence investigation report, Nelson had pleaded guilty to at least three prior felony charges and was therefore a juvenile delinquent at the time of the subject offense. See Â§ 19-1-103(36), (71), C.R.S. 2014 (defining âdelinquent actâ and â[j]uvenile delinquentâ). Therefore, although Nelsonâs offenses are not eligible for direct filing under the current version of the Statute, they are eligible for district court jurisdiction under section 19-2-518. See, e.g., People v. Lopez, 2015 COA 45, Â¶29 (when interpreting statues, we construe the words of the statute according to their plain and ordinary meanings); Kovacs, Â¶9; Websterâs Third New International Dictionary 736 (2002) (defining âeligibleâ as âfitted or qualified to be chosen or usedâ; âworthy to be chosen or selectedâ).

 Â¶13Â Â Â Â Â Â Â Â  Contrary to Nelsonâs argument, subsection (9) also does not apply. That provision requires that a juvenileâs conviction be treated as a âjuvenile delinquency adjudicationâ only when the juvenile is âsentenced pursuant to the provisions of this article.â Â§ 19-2-517(9). The term âthis articleâ is used throughout the direct filing statute to mean article II of title 19 â titled âThe Colorado Juvenile Justice System.â See Â§ 19-2-517(3)(b) (contrasting âthis articleâ with proceedings under the Colorado Code of Criminal Procedure); see also Â§ 19-2-517(3)(b)(I) (noting that community protection sometimes requires âresponse or consequence beyond that afforded by this article,â i.e., the Childrenâs Code); Â§ 19-2Â­517(3)(c) (stating that juvenile court proceedings are conducted âpursuant to the provisions of this articleâ). But where, as here, aÂ juvenile is âconvicted following the filing of criminal charges by information or indictment in the district court,â the court has discretion to sentence the juvenile â[a]s an adultâ or â[t]o the youthful offender system.â Â§ 19-2-517(6)(a)(I) and (II). Therefore, applying the plain language of subsection (9), the juvenileâs conviction must be âadjudicated as a juvenile delinquency adjudicationâ only if the district court chooses to sentence the juvenile to the juvenile justice system. See Kovacs, Â¶10 (âWhen a court construes a statute, it should read and consider the statute as a whole and interpret it in a manner giving consistent, harmonious, and sensible effect to all of its parts.â). Where, as here, the juvenile is convicted and sentenced as an adult, no remand to the juvenile court is necessary.

 Â¶14Â Â Â Â Â Â Â Â  House Bill 12-1271 did not change the district courtâs discretion to sentence Nelson as an adult. Having concluded that the statutory amendments do not support the relief Nelson requests, and because Nelson does not allege that the district court abused its discretion by sentencing him as an adult, we affirm the judgment of conviction and sentence.

 III. Conclusion

 Â¶15Â Â Â Â Â Â Â Â  The judgment and sentence are affirmed.

 JUDGE DAILEY and JUDGE LICHTENSTEIN concur.


 [1] âJuvenile courtâ refers to the juvenile division of the district court. Â§ 19-1-103(70), C.R.S. 2014.




These opinions are not final. They may be modified, changed or withdrawn in accordance with Rules 40 and 49 of the Colorado Appellate Rules. Changes to or modifications of these opinions resulting from any action taken by the Court of Appeals or the Supreme Court are not incorporated here. 



Colorado Court of Appeals Opinions || September 10, 2015


Back